[Civ. No. 3234.   Second Appellate District, Division Two.—December 24, 1920.]

## JOSEPH McMILLAN, Respondent, v. C. V. GREENA-MYER et al., as Trustees, etc., Appellants.

[1] UNINCORPORATED ASSOCIATIONS—COLLUSION—PARTIES.—In an action on a promissory note executed by an unincorporated association doing business under a declaration of trust, one of the trustees of said association, representing himself and the other shareholders in the association, is entitled to maintain a defense in its behalf, on showing that the other trustees are acting in collusion with the plaintiff in his attempt to enforce an illegal demand against the association.

MOTION to dismiss an appeal from a judgment of the Superior Court of Los Angeles County.   S. M. Marsh, Judge. Denied.

The facts are stated in the opinion of the court.

-----

1. Remedies of members of association, note, 59 **Am. St. Rep.** 198.

Rupert B. Turnbull for Appellants.

W. R. Millar for Respondent.

WELLER, J.—Respondent moves to dismiss the appeal, stating as ground for the motion that judgment against the defendants was entered by confession, and that appeal does not lie from such a judgment.

The transcript shows that the complaint was filed May 29, 1917, to recover judgment on a promissory note executed by the Mechanical Development Company, an unincorporated association doing business under a declaration of trust such as is commonly used in similar organizations fashioned after the plan of the so-called "Massachusetts Trust." On June 12, 1917, an answer was filed, purporting to be on behalf of all the defendants, to which a demurrer was sustained with leave to amend, on June 27, 1917. A confession of judgment was filed July 2, 1917, on behalf of the association, signed by Josephine M. Johnson, vice-president, and P. Borden Johnson, secretary. Attached to the confession appears a copy of a resolution passed by the trustees, ordering the confession to be executed. It is recited in the resolution that the association has no defense to the action, and that the appearance by answer and the employment of an attorney by trustee Greenamyer was unauthorized. An amended answer was filed July 12, 1917, purporting to be on behalf of the defendant trustees, which, by order of court made July 20, 1917, was stricken from the files, and the names of Josephine M. Johnson and P. Borden Johnson were also eliminated from the amended answer, the defendant Greenamyer being granted leave to file an amended answer within ten days. The defendant Greenamyer, answering for the Mechanical Development Company and himself individually as trustee, on July 24, 1917, filed an amended and supplemental answer, attached to which appears an order of the presiding judge permitting its filing. This pleading avers that there was no consideration for the execution of the note, or, at least, that the consideration has failed to a material extent through the manipulations of the plaintiff; that the defendants Josephine M. Johnson and P. Borden Johnson are subservient to the will of plaintiff, and that they are conniving with the plaintiff

to wreck the association in order to deprive Greenamyer of his valuable interest therein. Plaintiff moved the court, on July 12, 1917, to render judgment on the confession. The notice of motion bears the following indorsements: "Jul. 12, 1917. Motion denied. Attest: H. J. Lelande, clerk; by Geo. B. Whiteleather, deputy. Department No. 16"; and "Nov. 21, 1917. Motion granted. Attest: H. J. Lelande, clerk; by E. E. Ekdale, deputy. Department No. 5." The judgment from which this appeal is taken provides that, in accordance with the confession of judgment, the plaintiff recover from the defendants Greenamyer, Josephine M. Johnson, and P. Borden Johnson, as trustees doing business under the name and style of Mechanical Development Company, the sum of $6,887, etc.

The record does not disclose that any action was ever taken on the answer filed by order of court subsequent to the filing of the confession, and the judgment itself is entirely silent with reference to the answer. The court apparently ignored this pleading, no trial was had on its issues, and no finding made in regard to the truth of its allegations. If the statements made therein were substantiated by proof, the court would have been justified in rendering a different judgment than that founded on the confession.

[1] The defendant Greenamyer, being one of the trustees, representing himself and the other shareholders, in the association, is entitled to maintain a defense in its behalf, on showing that the other trustees are acting in collusion with the plaintiff in his attempt to enforce an illegal demand against the association. (*Newhall* v. *Western Zinc Min. Co.*, 164 Cal. 380, [128 Pac. 1040].)

Motion denied.

Finlayson, P. J., and Thomas, J., concurred.