George Fanelli, J.
This is a motion by defendants in a stockholders ’ derivative action to dismiss the complaint upon the ground that plaintiff appearing in person does not have the legal capacity to sue and to represent others as their attorney (Rules Civ. Prac., rule 106, subd. 2). Defendants contend that pursuant to section 236 of the Civil Practice Act a corporation must appear by an attorney at law duly licensed to practice under the laws of this State, and that since plaintiff is not an attorney and since the cause of action belongs to the corporation and not to the stockholders individually or collectively the action must fall.
A derivative stockholders’ suit is an anomaly in the law (Chaplin v. Selznick, 186 Misc. 66) and, while it is true that such actions are not prosecuted by the stockholder plaintiff for his own direct benefit, or in his own direct right, or because any right of his has been directly violated or because he is entitled individually to the relief sought, yet, such actions are representative, and the individual plaintiff is permitted to maintain the action notwithstanding his lack of direct interest, solely to set the machinery of justice in motion, and to prevent what would otherwise be a complete failure of justice (see Holmes v. Camp, 180 App. Div. 409). The individual stockholder, nevertheless, is the nominal plaintiff — an instigator of the action on behalf of the corporation (Carruthers v. Waite Mining Co., 306 N. Y. 136, 140).
In this case, the corporation as well as the two remaining stockholders are joined as party defendants and they are all represented by the same attorney. Under such circumstances the court is of the opinion that section 236 of the Civil Practice Act, does not bar plaintiff from prosecuting this action in person so as to set the machinery of justice in motion and to prevent alleged injustices, or that it was ever the intention of said section to prevent a stockholder such as plaintiff from prosecuting this equitable action in person. Certainly, these defendants would not prosecute an action against themselves for alleged wrongdoing and, hence, his plaintiff has instigated this action on behalf *403 of the corporation. This is his only remedy for an alleged breach of fiduciary duty on the part of those defendants entrusted with the management and direction of the corporation. Accordingly, the motion to dismiss is denied.
Submit order.