Else WILLHEIM and Randolph Phillips, Plaintiffs-Appellants,

v.

INVESTORS DIVERSIFIED SERVICES, INC., and Investors Mutual, Inc., Defendants-Appellees.

No. 364, Docket 27514.

United States Court of Appeals Second Circuit.

Argued May 7, 1962.

Decided May 18, 1962.

---

Randolph Phillips, New York City, appellant pro se (Leonard I. Schreiber, New York City, for appellant Else Willheim, on the brief).

Samuel E. Gates, of Debevoise, Plimpton & McLean, New York City (J. Asa Rountree, J. Edward Fowler, and Robert L. King, New York City, on the brief), for appellee Investors Diversified Services, Inc.

Taggart Whipple, Philip C. Potter, Jr., and Roland W. Donnem, of Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, on the brief, for appellee Investors Mutual, Inc.

Peter A. Dammann, Gen. Counsel, Walter P. North, Asso. Gen. Counsel, George P. Michaely, Jr., Sp. Counsel, and Paul J. Kemp, Atty., Securities and Exchange Commission, Washington, D. C., on the brief, for Securities and Exchange Commission as amicus curiae.

Before CLARK, KAUFMAN, and HAYS, Circuit Judges.

PER CURIAM.

■■ This case presents substantial issues of fact and law which must be resolved before there can be final adjudication that the investment advisory and underwriting service contracts between the two defendants-appellees have been abrogated by a transfer of stock control as provided in §§ 2(a)(4), 15(a)(4), and (b)(2) of the Investment Company Act of 1940, 15 U.S.C. §§ 80a–2(a)(4), 80a–15(a)(4), and (b)(2). It seems clear that neither plaintiffs nor the corporation they assume to represent will suffer irreparable injury by delay in achieving their goal until after trial on the merits, while the corporate affairs will be placed in chaotic state by the sudden termination of the service contracts as sought. A preliminary injunction should be directed toward preserving the *status quo*, so far as possible, in order that ultimate adjudication may come on a complete record after a full trial which resolves the now disputed issues. We think that end will be best achieved here by withholding the injunction at this time. Foundry Services, Inc. v. Beneflux Corp., 2 Cir., 206 F.2d 214, 216. It should be understood that we now make no determination as to the interpretation and application of the governing statutory provision or choice between the restrictive view advanced by Judge Dawson on the one hand, Willheim v. Murchison, D.C.S.D. N.Y., 203 F.Supp. 478, or the broader construction supported by the plaintiffs and the Securities and Exchange Commission as *amicus curiae* on the other.

Affirmed.