**Else WILLHEIM and Randolph Phillips, Plaintiffs,**

**v.**

**John D. MURCHISON and Clint W. Murchison, Jr., co-partners d/b/a Murchison Brothers, et al., Defendants.**

United States District Court
S. D. New York.
June 28, 1962.

---

734

Randolph Phillips, pro se, New York City, Leonard I. Schreiber, New York City, for Else Willheim.

Townley, Updike, Carter & Rodgers, New York City, for defendants Murchison (Stuart N. Updike, New York City, of counsel).

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for defendant Investors Mutual, Inc. (Philip C. Potter, Jr., New York City, of counsel).

Debevoise, Plimpton & McLean, New York City, for defendant Investors Diversified Services, Inc. (Samuel E. Gates, New York City, of counsel).

**DAWSON, District Judge.**

This application raises the question as to whether a stockholder of a corporation, who is not himself a lawyer, may bring a derivative stockholders action for the benefit of the corporation and at the same time act *pro se* in the legal proceedings incident thereto.[*]

This is an action brought by Else Willheim and Randolph Phillips derivatively, as stockholders of Investors Mutual, Inc., a registered investment company. It appears without dispute that Investors Diversified Services, Inc. has acted as principal underwriter and investment adviser for Investors Mutual, Inc., pursuant to written contracts dated April 6, 1960. The plaintiffs contend that those contracts were terminated as a result of acts by the defendant John D. Murchison and his associates culminating in a successful proxy contest for control of Alleghany Corporation in the spring of 1961. An application was made by the plaintiffs for a preliminary injunction to enjoin the performance by Investors Diversified

[*] The defendants seeks an order—

A. Restraining and enjoining plaintiff Randolph Phillips from making any further appearances *in propria persona* before this Court in this action;

B. Restraining and enjoining plaintiff Phillips from making any further appearances before this Court on behalf of plaintiff Else Willheim;

C. Restraining and enjoining plaintiff Phillips from filing with this Court or serving on any of the defendants herein or their attorneys any further motions, briefs or memoranda, or other papers in this action prepared by or subscribed by him as plaintiff *pro se;*

D. Dismissing plaintiff Phillips as a party plaintiff in this action unless, within thirty (30) days from the entry of the Order prayed for herein, he shall have appeared herein by an attorney duly admitted to practice before this Court;

E. Permanently restraining and enjoining plaintiff Phillips from appearing *pro se* in this Court or in any other United States District Court in any action or proceeding against defendant Investors Diversified Services, Inc. (hereinafter "IDS") whereby as plaintiff the said Phillips purports to assert derivatively the rights of any corporation of which he is a shareholder, or the rights of other shareholders of any such corporation, said permanent injunction to apply to the preparation and service by Randolph Phillips of any papers to be filed with any United States District Court on behalf of the plaintiff or plaintiffs in any such derivative or representative action.

Services, Inc. of the investment advisory and underwriting distribution contracts. This application for a preliminary injunction was denied by an order of this Court dated March 29, 1962. (D.C., 203 F.Supp. 478). The denial was affirmed by opinion of the Court of Appeals for the Second Circuit dated May 18, 1962. (303 F.2d 276).

This motion is part of the continuing battle which is now going on between the parties. It appears that Phillips, who admittedly is not a member of the bar, has been primarily responsible for the institution of this action. The other plaintiff, Else Willheim, is the mother of Phillips' wife. It appears that Phillips purchased the stock for his mother-in-law in January, 1960; that he arranged to secure her representation in this lawsuit by Leonard I. Schreiber, Esq., an attorney admitted to practice in this court; that she has never read any of the papers in the action or discussed the cost of carrying on the litigation; that she had never talked to Mr. Schreiber or anyone from his office prior to the date her deposition was taken in this action on June 14, 1962.

The laboring oar in the litigation has been borne by Phillips, who has appeared *pro se* in the matter and who has appeared in court on all arguments before the District Court and the Court of Appeals. Mr. Schreiber's participation in the litigation to date has been nominal.

The moving parties contend that while Phillips as an individual plaintiff may have a right to appear *pro se*, he does not have a right to appear *pro se* in a representative derivative action where he is suing for the benefit of Investors Mutual, Inc. and is suing not alone for himself but also as a representative of all other stockholders similarly situated. The moving parties urge that this action is not brought by Phillips in his own right, but is brought by him as a representative of others and that a party bringing a representative action cannot act as his own attorney.

The right to conduct a case in the federal courts is governed by 28 U.S.C. § 1654 which reads as follows:

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel, as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

It is argued by the moving parties that, pursuant to this statute, litigants without professional counsel may personally conduct only "their own cases," not cases in which they represent others. They point out, for example, that a corporate plaintiff cannot appear by an officer not admitted to practice before the court, MacNeil v. Hearst Corp., 160 F.Supp. 157, 160 (D.Del.1958); and they urge that since this action is in effect brought on behalf of a corporation the party bringing it must appear through authorized counsel.

The question presented is admittedly a novel one which has not heretofore been passed upon by this Court. A somewhat similar contention was raised in a New York State court in other litigation and was rejected by that court. Brooks v. Saxony Tobacco Sales Corp., 20 Misc.2d 401, 188 N.Y.S.2d 384 (Sup.Ct.Westchester Co. 1958).

The determination of the issue must start with a consideration of the unique nature of a derivative stockholders action. As Mr. Justice Jackson said in Koster v. Lumbermens Mutual Co., 330 U.S. 518, 522, 67 S.Ct. 828, 830, 91 L.Ed. 1067 (1947):

"The cause of action which such a plaintiff brings before the court is not his own but the corporation's. It is the real party in interest and he is allowed to act in protection of its interest somewhat as a 'next friend' might do for an individual, because it is disabled from protecting itself. * * *"

Rule 23 of the Rules of Civil Procedure, 28 U.S.C. allows a secondary representative action by stockholders to enforce a right on behalf of a corporation because

the corporation refuses to assert a right which properly may be asserted by it.

Phillips is undoubtedly a member of the class who may bring a secondary representative action under Rule 23. Any recovery in the action will accrue to the corporation and not to Phillips; Phillips makes no claim for financial recovery on his own behalf. However, he undoubtedly has a right, under Rule 23, to bring such action as a representative action for the benefit of the corporation of which he is a stockholder.

The only issue is whether he may conduct such action *pro se*. Section 1654 of 28 U.S.C. states that "parties may plead and conduct their own cases personally or by counsel." If this is Phillips' own case he is permitted to conduct it personally or by counsel. The moving parties urge that this is not Phillips' own case, but a representative action brought on behalf of some other party, and therefore he cannot conduct it personally. Such contention misconceives the nature of a derivative stockholders action. Such an action is the action of a stockholder even though it may be brought for the benefit of the corporation.

Once it is granted that Phillips is entitled to bring this derivative action as plaintiff, the case must, for purposes of Section 1654, be regarded as Phillips' own case. To hold that a representative action is not the case of the plaintiff bringing it is to confuse substance with procedure. For most if not all procedural purposes a derivative suit is considered to be an action of the nominal plaintiff. For example, for diversity purposes the corporation is treated as a party defendant and the nominal plaintiff as the actual plaintiff. Smith v. Sperling, 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1956). See also, Reed v. Norman, 48 Cal.2d 338, 309 P.2d 809 (1957), where a stockholder was allowed to maintain a derivative action even though the corporation itself was disqualified from participating in litigation by reason of its failure to pay its franchise taxes.

The argument of the defendants based on Section 1654 proves too much, since if a representative action is not to be regarded as the action of the plaintiff for purposes of this section then the section would not even cover appearances by counsel in such actions. Phillips' representation of the other stockholders results from the fact that he is permitted to bring this action as plaintiff and not from the fact that as plaintiff he chooses to appear in court for himself.

Inasmuch as Phillips may appear *in propria persona* as a lawyer for himself, it is not improper for him to present arguments in court which are common to the other plaintiff as well as to himself. In this matter Phillips' position is no different from members of the bar who frequently present common arguments in multiparty actions.

While it might make for easier conduct of the litigation and a more prompt determination of the issues if Phillips were to retain counsel to represent him, rather than insisting upon proceeding in time wasting layman fashion in court appearances himself, nevertheless his right as an individual to appear in his own action is one which cannot be denied him by this Court.

The motion is denied. So ordered.