Submitted on record and briefs March 6, affirmed May 30, 1984

O'CONNELL, GOYAK & BALL, P.C.,
*Respondent on Review,*

*v.*

SILBERNAGEL et al,
*Defendants and Third Party Plaintiffs -
Petitioners on Review,*

*v.*

ORCHARD et al,
*Third Party Defendants -
Respondents on Review.*

(CA A27480; SC S30144)
681 P2d 1159

Robert J. Wright, Noti, and Raymond Silbernagel, Scio, pro se, filed the briefs for petitioners on review.

Susan E. Watts and Kennedy, King, Zimmer & O'Malley, Portland, filed the briefs for respondents O'Connell, Goyak & Ball, P.C., Robert Ball and Jack Orchard.

ROBERTS, J.

**ROBERTS, J.**

We allowed review in this case to determine whether the Court of Appeals properly dismissed the appeal for petitioners' failure to serve third party defendants with the notice of appeal. We affirm the dismissal.

Extensive pleadings, sometimes mislabeled, and changes in third party defendants and those who represented them obscure the otherwise uncomplicated facts and issues. A chronology of events, pleadings, motions and court orders appears as an appendix to this opinion. We summarize here.

Plaintiff-respondent, a professional corporation, sued Silbernagel for unpaid legal fees. Plaintiff was the assignee of three other law firms. The members of the assignor firms apparently regrouped to form the plaintiff firm.

Defendant-petitioner, later joined by intervenor Wright,[1] filed a pleading, mislabeled a counterclaim, for legal malpractice. Though not captioned or presented as such, this was really a third party complaint, because defendants asserted their malpractice claim against parties not already in the action. Defendants amended this pleading four times, each time varying the individuals and law firms they named as third party defendants. The fourth amended third party complaint named Robert Ball and Jack Orchard as third party defendants. These individuals were represented by Gerald R. Pullen.

The third party complaint was dismissed before trial on the ground that it was not commenced within the time permitted by statute. After trial, the jury returned a verdict for plaintiff on the unpaid legal fees.

Defendants appealed the dismissal of their malpractice action but failed to serve Ball, Orchard or their attorney with notice of appeal. They did serve plaintiff law firm, of which Ball and Orchard are members. The question is

---

[1] Intervenor Wright and Silbernagel represented themselves; there was never any member of the Oregon State Bar involved in their behalf. This, no doubt, accounts for not only the mischaracterization of the pleadings but also the ineptness in presenting the third party claim to the court, and, ultimately, the failure to serve the notice of appeal on the proper parties. Where parties attempt to represent themselves, at least in civil cases, they will be held to the same legal rules as members of the Bar.

whether this is sufficient service on Ball and Orchard under ORS 19.023(2)(a).

ORS 19.023(2)(a) provides:

"(2)  The appeal shall be taken by causing a notice of appeal, in the form prescribed by ORS 19.029, to be served:

"(a)  On all parties who have appeared in the action, suit or proceeding;"

In their petition for review, petitioners point out that ORAP 2.05(3) requires that a notice of appeal shall contain "[a] notice to all parties *or their attorneys* that have appeared that an appeal is taken from the judgment * * *" (emphasis supplied). Petitioners' argument seems to be that because Orchard appeared as an attorney on behalf of plaintiff law firm early in the proceedings and is a shareholder in the firm and because Ball is identified in the firm name, service on the firm is service on both Orchard and Ball.

Secondly, petitioners make an argument that they should not be held responsible for failure to serve the notice of appeal on Orchard and Ball or their attorneys because the frequent change of attorneys without compliance with ORS 9.380 (mode of changing attorneys) made it impossible to determine who was representing the law firm and the individuals.

■  In petitioners' first argument we are asked to decide if a party to the proceeding, who acted in his attorney capacity at some stage in the proceeding, but who is no longer so serving, can be said to have received notice of an appeal in his individual capacity when his law firm, which was also a party in the proceeding, receives notice. We think under the circumstances of this case the answer is no.

O'Connell, Goyak & Ball, P.C., was the plaintiff in an action on a debt; Ball and Orchard were third party defendants in petitioners' third party complaint for legal malpractice, a separate action. Orchard's involvement as an attorney was only at the initial stage of the proceedings. At the time of the fourth amended malpractice complaint, when Ball and Orchard were third party defendants, Gerald Pullen represented Ball and Orchard. Ordinarily, service on a law firm or lawyer would be service on the party the firm or attorney represents. ORCP 9(B). Petitioners appear to argue that the

reverse should be true as well, that is, service on a party law firm should constitute service on a party who is a member of the firm, in this case Orchard, for claims against the attorney individually. Whatever the merit of petitioners' argument, we need not consider it here because Orchard was not representing the firm at the time of the appeal. The representation of plaintiff law firm had been transferred to other counsel.

The fact that Ball and Orchard were shareholders in the firm petitioners served does not constitute service on Ball and Orchard for claims against them as individuals and parties in the third party proceeding. Petitioners are confusing attorneys as shareholders in a professional corporation and attorneys as individuals who are defendants in a legal action. The appeal was not from the judgment on the debt in which the firm was a party; the appeal was only from the dismissal of the legal malpractice action against Orchard and Ball. Petitioners could have served Orchard and Ball individually or their attorney, Gerald R. Pullen, who represented them when the legal malpractice action was dismissed. They did neither.

This brings us to petitioners' argument that ORS 9.380 must be complied with before a party is required to serve notice on an attorney as substitute service on a party. ORS 9.380 provides:

"The attorney in an action, suit or proceeding, may be changed, or the relationship of attorney and client terminated, as follows:

"(1) Before judgment, decree or final determination, upon the consent of the attorney filed with the clerk or entered upon the journal; or

"(2) At any time, upon the order of the court or judge thereof, based on the application of the client or the attorney, for good and sufficient cause."

The obvious objective of ORS 9.380 is to inform the court, opposing counsel and the parties of the substitution of counsel so that communications can flow unimpeded. Petitioners objected in the trial court that substitution of attorney forms had not been filed when other attorneys acted in a representative capacity throughout the proceedings. In response, the court allowed petitioners to file a fourth amended complaint. Petitioners make no allegation that they

were confused about who was representing Ball and Orchard. The order dismissing the malpractice counterclaim and the judgment from which petitioners appealed contain the usual recitation of the parties and their attorneys. In all these papers, Pullen is named as the attorney for Ball and Orchard. We do not imply that ORS 9.380 need not be complied with; we only conclude that, under the facts of this case petitioners were not prejudiced by the opposing parties' failure to comply with the statute. Noncompliance in this case does not warrant reinstating the appeal.

We conclude the Court of Appeals properly dismissed this case for failure of petitioners to serve notice of the appeal on two of the parties.

Affirmed.

# APPENDIX

The plaintiff has accurately set forth the following chronology of events, pleadings, motions and court orders in their brief to the Court of Appeals.

"December 9, 1977 - June 4, 1980:

"Smith, Todd & Ball, P.C., Ball, Smith & Orchard, P.C., and Ball & Orchard, P.C., performed legal services for defendant Silbernagel.

"February 19, 1981:

"Plaintiff filed a complaint against defendant Silbernagel to collect unpaid legal fees. Plaintiff alleged that it was the assignee of Smith, Todd & Ball, P.C., Smith & Orchard, P.C., and Ball & Orchard, P.C.

"March 23, 1981:

"Defendant Silbernagel filed an answer and counterclaim against Ball, Smith & Orchard, P.C. for legal malpractice.

"April 16, 1981:

"Plaintiff filed a motion to dismiss the counterclaim filed by defendant Silbernagel on the ground that it failed to state ultimate facts sufficient to constitute a claim for relief.

"May 20, 1981:

"Defendant Robert Wright filed a motion to intervene as a defendant.

"June 24, 1981:

"The trial court issued an order dismissing defendant's counterclaim and granting Robert Wright's motion to intervene.

"July 7, 1981:

"Defendants filed an amended answer and 'cross complaint' against Ball, Smith & Orchard, Walter H. Bell, Neal H. Bell, Jack Rounsefell, Charles Mowry and Craig E. Gass for legal malpractice.

"July 7, 1981:

"Jack Orchard and Robert Ball were served with summons and a copy of the amended complaint.

"July 21, 1981:

"Plaintiff filed a motion to reconsider the court's previous ruling allowing Robert Wright to intervene.

"July 21, 1981:

"Although no claim against them had yet been filed, third party defendants Jack Orchard and Robert Ball filed a motion for extension requesting an extension of time in which to make an appearance. This motion was never ruled upon.

"July 21, 1981:

"Plaintiff filed motions to strike the amended answer and to dismiss the cross-complaint. The motion to strike was based on the ground that the general denial of the answer was not permissible given the allegations of the original answer. The motion to dismiss the cross-complaint was made on the ground that the cross-complaint was in effect a third-party complaint and had been filed without permission of the court.

"August, 1981:

"The individually named 'cross-defendants' and Ball, Smith & Orchard filed various motions to dismiss and strike. The primary ground relied upon by these defendants was that defendants had not secured permission of the court to file the third-party complaint designated as a 'cross complaint'. Third party defendants Robert Ball and Jack Orchard did not file motions against the cross-complaint because they were not named in that complaint.

"October 13, 1981:

"The trial court entered an order denying plaintiff's motion to reconsider its previous order allowing Robert Wright to intervene. The trial court's ruling was reached solely on the basis that Mr. Wright represented that he had personally guaranteed one-half of any debt found to be owing by defendant Silbernagel to the plaintiff.

"October 29, 1981:

"The trial court issued an order striking defendants' answer and ruling that plaintiff's motion to dismiss the cross-complaint was premature.

"November 6, 1981:

"The trial court dismissed the cross-complaint on the ground that defendants did not secure permission of the court to file a third-party complaint.

"December 30, 1981:

"In response to a motion for joinder of parties filed by defendants, the trial court ordered that Ball, Smith & Orchard, P.C. could be joined as a 'counterclaim defendant' pursuant to ORCP 22D. The trial court denied plaintiff's motion to add Walter H. Bell, Neal M. Bell, Jack Rounsefell, Charles Mowry and Craig E. Gass.

"January 7, 1982:

"Defendants filed a third amended answer and a counterclaim against Ball, Smith & Orchard, P.C. for legal malpractice. (Footnote omitted.)

"May 12, 1982:

"Plaintiff filed a motion to strike the affirmative defense and counterclaim on the ground that the counterclaim named a new party to the case as a counterclaim defendant without service of summons and complaint on that defendant.

"June 3, 1982:

"Defendant Robert Wright filed a motion for judgment on the pleadings on the ground that Ball, Smith & Orchard, P.C. had failed to answer the counterclaim in the time allowed by ORCP 13B and ORCP 7C(2).

"June 4, 1982:

"Statute of limitations ran on defendant Silbernagel's claim for legal malpractice.

"June 18, 1982:

"The trial court entered an order striking defendants' counterclaim against Ball, Smith & Orchard, P.C.

"July 12, 1982:

"In response to the motion of defendants to 'correct irregularities in the proceedings,' the trial court issued an amended order permitting defendants to join as additional counterclaim defendants the principals of Ball, Smith & Orchard, P.C. as well as the corporation itself.

"July 21, 1982:

"Defendants filed their fourth amended answer and counterclaim purporting to assert a counterclaim for legal malpractice against Robert Ball and Jack Orchard. *This is the first time Mr. Ball and Mr. Orchard were named as parties to the litigation.* (Emphasis in original.)

"July 26, 1982:

"Jack Orchard was served with summons and a copy of the fourth amended answer and counterclaim. However, defendants never filed a return of service with the trial court.

"August 3, 1982:

"Defendants served Robert Ball with summons and a copy of the fourth amended answer and counterclaim. However, defendants never filed a return of service with the court.

"August 27, 1982:

"Third party defendants Jack Orchard and Robert Ball filed a motion to dismiss the complaint in several respects, including on the ground that the complaint was not commenced within the time permitted by the statute of limitations and that it failed to state a claim for relief.

"November 9, 1982:

"The trial court issued a judgment order of dismissal of defendants' claims against third-party defendants Robert Ball and Jack Orchard on the ground that they were not commenced within the time permitted by the statute of limitations.

"November 29, 1982:

"Plaintiff's claim to collect unpaid legal fees was tried before a jury. The jury entered a verdict in favor of the plaintiff and against the defendants in the amount of $6,966.70.

"February 4, 1983:

"The trial court issued an amended judgment order which was entered February 9, 1983.

"March 7, 1983:

"Defendants filed a notice of appeal.

"April 5, 1983:

"Plaintiff filed a satisfaction of judgment stating that it was 'in *full* settlement' of the judgment. (Emphasis in original)."