Submitted on record and briefs May 31, affirmed August 8, petition for rehearing denied September 5, 1984

# MARGUERITE E. WRIGHT TRUST,
## *Appellant,*

*v.*

# DEPARTMENT OF REVENUE,
## *Respondent.*

### (TC 1965; SC S30019)
685 P2d 418

Samuel B. Stewart, Judge.

Robert J. Wright, pro se, Noti, filed the briefs on behalf of appellant.

Richard D. Wasserman, Assistant Attorney General, Salem, filed the brief for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

JONES, J.

Lent, J., filed a concurring opinion.

**JONES, J.**

Robert J. Wright, a non-lawyer, filed a complaint in the Oregon Tax Court in which the Marguerite E. Wright Trust as plaintiff sued the Department of Revenue and Lane County Department of Assessment and Taxation. Without making any reference to his status, Wright signed the complaint as "Robert J. Wright, [street address], Noti, Oregon." On June 6, 1983, the Tax Court granted defendant Department of Revenue's motion to strike the plaintiff's complaint on the grounds that the complaint was not signed by a party or a member of the Oregon State Bar. The order gave plaintiff 15 days' leave to file amended pleadings. On September 26, 1983, the Tax Court dismissed plaintiff's case with prejudice. On September 27, 1983, Robert J. Wright tendered an amended complaint in the Tax Court naming solely the Marguerite E. Wright Trust as the plaintiff. The suit was against the same defendants, this time alleging in the body of the complaint that Marguerite E. Wright was the sole stockholder of the trust and that Robert J. Wright was trustee. The amended complaint was signed by Marguerite E. Wright as Stockholder-Trustee and Robert J. Wright as Trustee of the Marguerite E. Wright Trust. The Tax Court refused to accept the amended pleading and plaintiff appeals from the final order of the Tax Court.

The primary issue on appeal is whether a non-lawyer may represent a business trust in any action. At common law, the proper party to bring a suit for a trust was the trustee. *See, Village of Brookfield v. Pentis,* 101 F2d 516 (7th Cir 1939); *Kadota Fig Assn. v. Case-Swayne Co.,* 73 Cal App 2d 796, 167 P2d 518 (1946). The Oregon legislature enacted ORS 128.580, which reads in pertinent part:

> *"Any business trust shall be subject to such provisions of law, now or hereafter enacted, with respect to domestic and foreign corporations,* respectively, as relate to the issuance of securities, filing of required statements of reports, service of process, general grants of power to act, *right to sue* and be sued, limitation of individual liability of shareholders and rights to acquire, mortgage, sell, lease, operate and otherwise to deal in real and personal property. *Except as otherwise provided in its trust agreement or declaration of trust, or any amendments thereto, any business trust shall also be subject to the other provisions of ORS chapter 57 and other rights*

*and duties existing under the common law and statutes of this state applicable to domestic and foreign corporations. \* \* \*"* (Emphasis added.)

It is immaterial whether the legislature intended to alter the common law so that a business trust may sue in its own name rather than in the name of the trustee. If the legislature did not intend to change the common law, then in order for Robert J. Wright to bring this suit, he would have had to bring it in his name as trustee. He did not. If the legislature intended to change the common law, this suit was still improperly brought. Pursuant to ORS 128.580, the business trust is treated as a corporation and may bring suit in its own name, but under ORS 9.320 a corporation must be represented by an attorney. ORS 9.320 provides:

> "Any action, suit, or proceeding may be prosecuted or defended by a party in person, or by attorney, *except that the state or a corporation appears by attorney in all cases, unless otherwise specifically provided by law.* Where a party appears by attorney, the written proceedings must be in the name of the attorney, who is the sole representative of his client as between him and the adverse party, except as provided in ORS 9.310." (Emphasis added.)

As provided in ORS 9.005, an "attorney" must be a "member" of the Oregon State Bar for purposes of ORS 9.320. Robert J. Wright concedes he is not an attorney. *See, Oregon State Bar v. Wright,* 280 Or 693, 573 P2d 283 (1977).

■  ORS 9.320 does not require a corporation to be represented by an attorney if "otherwise specifically provided by law." Wright contends that the second sentence of ORS 128.580 (emphasized *supra*) provides the exception to ORS 9.320's requirement of an attorney because a provision in the Declaration of Trust here provides for *pro se* representation. The legislative history indicates that the exception in ORS 128.580 was added only to clarify the application of ORS chapter 57 (relating to business corporations) to business trusts. We infer from this history no legislative intent to allow *pro se* representation of business trusts. *See* Hearings on SB 95 before the House Committee on Business and Consumer Affairs, May 9, 1979, Exh C. No specific provision of law exists to override the requirement of an attorney under ORS 9.320;[1]

---

[1] Wright alternatively contends that ORS 305.510 applies to prevent operation of ORS 9.320. ORS 305.510 provides:

therefore, a business trust must be represented by an attorney notwithstanding any contrary provision in the Declaration of Trust.

Plaintiff further contends that ORS 128.009(1), (3)(z) and (3)(aa) apply to allow plaintiff to pursue this action *pro se,* which provide as follows:

"(1)    From time of creation of the trust until final distribution of the assets of the trust, a trustee has the power to perform, without court authorization, every act which a prudent person would perform for the purposes of the trust including but not limited to the powers specified in subsection (3) of this section.

"* * * * *

"(3)    A trustee has the power, subject to subsections (1) and (2) of this section:

"* * * * *

"(z)    To prosecute or defend actions, claims, or proceedings for the protection of trust assets and of the trustee in the performance of duties; and

"(aa)    To execute and deliver all instruments which will accomplish or facilitate the exercise of the powers vested in the trustee."

This provision does not apply here because Robert J. Wright (1) did not as a trustee sue as a party plaintiff, and (2) did not allege his status as a trustee in the original complaint. Furthermore, under ORS 128.005, ORS 128.009 does not apply to "a business trust which provides for certificates to be issued to the beneficiary."[2] Here, the Declaration of Trust specifically

---

"*Notwithstanding ORS 9.320, any stockholder of an electing small business corporation* as defined in section 1371, Internal Revenue Code of 1954 *may represent the corporation in any proceeding before the Oregon Tax Court* in the same manner as if the stockholder were a partner and the electing small business corporation were a partnership." (Emphasis added.)

Because Marguerite E. Wright is the sole stockholder, Robert J. Wright is not a stockholder as required by this section.

[2] ORS 128.005 provides:

"*As used in ORS 128.003 to 128.051 and 128.065:*

"(1)  'Trust' means an express trust created by a trust instrument, including a will, whereby a trustee has the duty to administer a trust asset for the benefit of a named or otherwise described income or principal beneficiary, or both; *'trust' does*

provides for certificates to be "distributed for the benefit" of the trustees. This trust is, therefore, excluded from ORS 128.005; hence ORS 128.009 does not apply.[3]

■    In addition, Wright argues that the Tax Court improperly granted the Department of Revenue's motion to strike because ORCP 17A. allows a pleading to be signed by a party. Robert J. Wright contends that he is a party under ORCP 17A., which provides in part:

"Every pleading shall be signed by the party or by a resident attorney of the state * * *."

As previously mentioned, Robert J. Wright is not a party to this lawsuit. The suit was not brought by Robert J. Wright in his own name against the Department of Revenue nor by Robert J. Wright, trustee on behalf of the Marguerite E. Wright Trust. The named plaintiff was the Marguerite E. Wright Trust.

ORCP 15B. authorized the Tax Court to grant the 15 days' leave to amend. ORCP 15B.(2) provides:

"If the court grants a motion and an amended pleading is allowed or required, such pleading *shall* be filed within 10 days after service of the order, unless the order otherwise directs." (Emphasis added.)

■    Not only was the case dismissed and no motion to reinstate ever filed, but the plaintiff waited more than three months to tender the amended complaint. The Tax Court therefore properly refused to allow plaintiff to amend. The ruling of the Tax Court is affirmed.

**LENT, J.,** concurring.

The course of this litigation demonstrates why Robert J. Wright should not represent himself or anyone else in the practice of law. In the cases in which he has appeared, or attempted to appear, before this court in the role of legal

---

not include a resulting or constructive trust, [or] *a business trust which provides for certificates to be issued to the beneficiary* * * *." (Emphasis added.)

[3] Wright cites authorities which he contends allow trustees of business trusts to appear *pro se* on behalf of the trust. These authorities do not refer to representation as an attorney at law, but rather representation *as a party* in an action on behalf of the trust. *See, e.g., Jensen v. Hugh Evans & Co.,* 18 Cal 2d 290, 115 P2d 471 (1941); *McMillan v. Greenamyer,* 50 Cal App 601, 195 P 734 (1920), *later appeal* 53 Cal App 13, 199 P 841 (1921).

counselor, he has demonstrated the wisdom of Alexander Pope's observation:

> "A little learning is a dangerous thing; Drink deep, or taste not the Pierian spring."

He has been permanently enjoined from practicing law with minor exception. *Oregon State Bar v. Wright,* 280 Or 693, 573 P2d 283 (1977).

He has attempted to prosecute this case on the basis that the trust agreement or declaration of trust for this business trust, apparently drawn by him according to the title page of the instrument, authorizes him to represent the trust when it sues in its own name, as can a corporation. The opinion of the court disposes of that attempt.

The plaintiff named in the complaint in this cause is "MARGUERITE E. WRIGHT TRUST." The complaint recites (rather than alleging) that the plaintiff is an "Oregon Business Trust." That Robert J. Wright did not really believe that the plaintiff was the trust appears from the words chosen by him in drawing the complaint.

The complaint is in two "counts" and concerns real property alleged to be under the record ownership of the trust and "being purchased under the State Veterans Loan Fund under the loan rights of Robert J. Wright." The first count of the complaint does not state how else Robert J. Wright may be an interested party except in paragraph VII, in which it is alleged that "* * * Plaintiff is now forced to sell *his* [emphasis added] land * * *." In the second count it is stated: "Plaintiff realleges paragraphs 1 11 and 111 [sic] of *his* [emphasis added] first cause for suit * * *." Paragraph V of the second count states: "Plaintiff further contends that *he* [emphasis added] paid * * * even though *his* [emphasis added] land was * * *."

It is obvious that the drafter of this complaint did not really believe that anyone other than Robert J. Wright was the plaintiff, despite the attempt to mask that fact.

The complaint was subscribed by Robert J. Wright, without any indication as to any capacity other than personal and without any *descriptio personae.*

One of the defendants filed a motion to strike the complaint, attaching to the motion a copy of the trust instrument, which disclosed that Robert J. Wright was a trustee with the following description:

> "Ownes [sic] none of the trust assets and has no financial interest in the trust whatsoever."

That statement is confusing, to say the least, when compared to the allegations above quoted from the complaint concerning the ownership of the land.

Plaintiff's response to the motion to strike the complaint asserted:

> "The Marguerite E. Wright Trust is *not* [original emphasis] a trust under the provisions of ORS 128.005. The Marguerite E. Wright Trust gets it's [sic] authority from ORS 128.007(2), and from § 16 of the trust contract as well as the corporation division of the State of Oregon with the State Seal of approval wherein it states on the face of the instrument that the Marguerite E. Wright trust was found to conform to Oregon law. (see ORS 128.009(z)(aa))."

ORS 128.005 defines "trust" and "trustee" for the purposes of ORS 128.007, *inter alia.* ORS 128.007(2) does no more than to provide that an instrument which is not a trust as defined in ORS 128.005(1) may incorporate certain powers found in the "Uniform Trustees' Powers Act" by reference.

The subject trust is not a trust under ORS 128.005(1) because, by its terms, it is a "business trust which provides for certificates to be issued to the beneficiary." I have scanned the 24 pages of the trust instrument, and I do not find any incorporation by reference of any of the sections of ORS described in ORS 128.007(2). I have no idea, therefore, as to why the reference to ORS 128.007(2) is made in the response.

The text of the response directs attention to "ORS 128.009(z)(aa)." It doesn't exist. There is an ORS 128.009(3)(z), and there is an ORS 128.009(3)(aa). They, respectively, provide that a trustee has power:

> "(z)     To prosecute or defend actions, claims, or proceedings for the protection of trust assets and of the trustee in the performance of duties; and

"(aa)  To execute and deliver all instruments which will accomplish or facilitate the exercise of the powers vested in the trustee."

Those sections have no relevance because the "trustee" given these powers by ORS 128.009 has to be a trustee who is acting as a trustee under a trust as defined in ORS 128.005(1), and, as noted above, this trust is expressly excluded from that subsection because it is a business trust which "provides for certificates to be issued to the beneficiary."

After the Tax Court dismissed this cause, a notice of appeal was filed in this court. The text commences: "Plaintiff hereby gives notice * * *." The text later states: "The Mareguerite E. Trust [sic] will be represented by it's [sic] trustees, Robert J. Wright and Marguerite E. Wright * * *." The notice concludes: "NOtice [sic] of appeal filed by:" and then shows the signature of Robert J. Wright over his typed name and the *descriptio personae* "Trustee" and the signature of Marguerite E. Wright over her typed name and the *descriptio personae* "Trustee-Stockholder."

The Attorney General for "respondent, the State of Oregon," filed a motion "pursuant to ORS 9.350" to require "appellant's legal representatives" to prove the authority under which they appear. A document subscribed by Marguerite E. Wright and Robert J. Wright entitled "RESPPNSE [sic] TO MOTION TO PROVE AUTHORITY" was filed. They attempted to show their authority by showing that the Marguerite E. Wright Trust had duly registered with the United States Internal Revenue Service as an electing small business corporation on a subchapter S election form. Apparently this line of response was chosen because ORS 305.515 permitted a stockholder of an electing small business corporation to represent the corporation before the Tax Court as if the stockholder were a partner and the electing small business corporation were a partnership.

Thereafter, a defendant filed a motion to dismiss on the ground that the appeal to this court had not been brought by a person authorized to represent the trust. The movant argued that Robert J. Wright had made no showing that he was then a stockholder of the electing corporation and, indeed, that the election form affirmatively showed that Marguerite E. Wright was the sole shareholder. The movant further

argued that the election was not effective for the tax year involved.

Robert J. Wright "IN PRO PER" filed a response to the motion to dismiss, to which he attached a copy of a letter from Internal Revenue Service concerning some other trust. That letter points out that the law does not permit a trust to elect to be treated as a subchapter S corporation.

I conclude that because he realized that he could no longer rely upon ORS 305.515 as authority for either himself or Marguerite E. Wright to represent the trust in either the Tax Court or this court, he shifted back to his contention that he could represent the trust because he was a trustee of the plaintiff trust.

He continued to be emphatic, however, that the trust was not a corporation; nevertheless, he then filed a supplemental memorandum citing a case that he claimed holds that a non-lawyer corporate stockholder could maintain a derivative stockholder's action and proceed *pro se.* I examined that case, *Willheim v. Murchison,* 206 F Supp 733 (1962), and found that the trial judge did hold that one Phillips, a named plaintiff with his mother-in-law, could proceed *pro se* in their minority stockholder's cause. That the trial judge was not entirely pleased with the result of his legal conclusion appears:

> "While it might make for easier conduct of the litigation and a more prompt determination of the issues if Phillips were to retain counsel to represent him, rather than insisting upon proceeding in time wasting layman fashion in court appearances himself, nevertheless his right as an individual to appear in his own action is one which cannot be denied him by this Court."

206 F Supp at 736. Robert J. Wright's citation to this case is right on in at least one respect; it is right off, however, in the main point because he is not a plaintiff in this cause. The trial judge's ruling was challenged by appeal, but the appellate court held the order that Phillips could represent himself was not an appealable order. *Willheim v. Murchison,* 312 F2d 399 (1963).

In trying to resolve this case at the motion stage, we were led by Robert J. Wright's citation to *Willheim v. Murchison, supra,* to an appellate court decision concerning

the same *pro se* Phillips embarked upon further adventures as plaintiff in a derivative stockholder's action. In *Phillips v. Tobin,* 548 F2d 408 (1976), the trial court had denied a defense motion to dismiss the complaint by reason of Phillips' non-lawyer *pro se* status. The movant appealed. Pointing out that *Willheim v. Murchison, supra,* had been expressly overruled (something that Robert J. Wright neglected to bring to our attention), the court held that the order was appealable. On the merits, the court held Phillips could not proceed *pro se.* Said the court:

"To meet the requirement of an attorney's representation plaintiff claims that in fact he is 'a person learned in the law,' and accordingly is a lawyer as that term is defined in Black's Law Dictionary. He predicates this claim on his assertion that he has won $613,000 in legal fees and damages by defeating many luminaries at the bar. We need not tarry too long on the merits of this assertion because it is not relevant. The necessity for an attorney in a stockholder's derivative suit appears from the fact that it is a special type of proceeding. Unlike a personal suit, failure of the plaintiff to succeed in the action will result in a loss to the corporation because under the laws of many states, including the law of Maryland where Alleghany was incorporated, a corporation is obligated to indemnify the individual director defendants for their fees and expenses if the suit fails. This could mean a substantial loss to the corporation and could result in a decrease in the corporate assets and the value of the shares. Likewise, any recovery will run directly to the corporation and not to the plaintiff.

"In spite of his protest to the contrary, plaintiff, being a layman, cannot provide Alleghany with the competent legal representation which a case of this nature would warrant, nor is Alleghany adequately protected against the plaintiff's failure to comply with the disciplines required of an attorney as an officer of the court. 'He is a self-chosen representative and a volunteer champion. The Federal Constitution does not oblige the State to place its litigating and adjudicating processes at the disposal of such a representative, at least without imposing standards of responsibility, liability and accountability which it considers will protect the interests he elects himself to represent.' *Cohen, supra [Cohen v. Beneficial Loan Corp.,* 337 US 541, 549, 69 S Ct 1221, 1227, 93 L Ed 1528 (1949)]. In *Saylor v. Lindsley,* 456 F2d 896, 900 (2d Cir 1972), we pointed out that the interest of the plaintiff in a stockholder's derivative suit is not necessarily the same as the interest of his attorney in the suit. Although both may be

> interested in maximum recovery against the directors, the stockholders' share in the financial recovery may be much less than the fees awarded to counsel. *See Kramer v. Scientific Control Corp.,* 534 F2d 1085 (3d Cir), *petition for cert filed,* 44 U.S.L.W. 3739 (U.S. June 10, 1976), to the effect that an attorney cannot act as both class counsel and class representative. *Cf. Stull v. Pool,* 63 F.R.D. 702 (S.D.N.Y. 1974)."

The court went on to state:

> "Consequently, the person prosecuting the suit must be subject to the standards of ability, responsibility, liability and accountability required of members of the bar, as officers of the court and by the Code of Professional Responsibility. This plaintiff, under the cloak of a *pro se* applicant, has engaged in conduct in the past which has evoked judicial rebuke and reprimand and has demonstrated his complete disregard of the standards, propriety, discipline or accountability required of members of the bar."

548 F2d at 413. The court footnoted that statement by reference to several cases in which Phillips had appeared *pro se* and the observations of the judges in those cases concerning his incompetency as an advocate and the consequent danger to the rights of others, if indeed, not his own. Quotation of the footnote would consume more space in this volume than would be warranted. I commend to Robert J. Wright the perusal of the footnote.

I do not propose to go back through the records of this court to find all of the cases in which Robert J. Wright has underscored his incompetency to represent himself and others in court. Most recently he has demonstrated his want of learning and skill in connection with the case of *O'Connell, Goyak & Ball v. Silbernagel,* 297 Or 207, 681 P2d 1159 (1984), in which he was an intervenor. I am not sure just how he got into the case, but it appears that, pursuant to his desire to inflict his legal skills on the courts, he somehow acquired a "piece of the liability" in order to appear *pro se.* His complete want of understanding of the differences among counterclaims, cross-claims and third party claims led to such a pleading mess as to be well nigh impervious to attempts by judges at all levels to resolve the litigation. Certainly the taxpayers have reason to complain of the judicial time necessarily spent in solving the riddles his pleadings presented.

In the seven and one-half years I have been a member of this court, I have seen numerous documents filed by Robert J. Wright. Did he not otherwise identify their authorship, I could yet discern his handiwork by the consistency with which he misspells certain words and by his misuse of initial [ ] signs in an apparent attempt to simulate what he believes to be legal style.

For one, I am now willing to cry to Robert J. Wright: "Hold, enough!"[1]

---

[1] "Lay on, Macduff, And Damn'd be him that first cries 'Hold, enough!' " Shakespeare: *Macbeth* V.vii.