338 May 1, 2024 No. 279

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Erwin Singh BRAICH,
in his capacity as the sole
Trustee of the Peregrine Trust,
*Plaintiff-Appellant,*

*v.*

Ricky SMITH;
Sable Palm Development,
a corporation of the Turks and Caicos Islands,
British West Indies;
C & S Mining, LLC; and Janice Cone,
*Defendant-Respondents,*

*and*

Jane and John DOE 1-20,
*Defendants.*

Grant County Circuit Court
21CV07957; A179038

Robert S. Raschio, Judge.

Argued and submitted March 28, 2024.

Brooks Cooper argued the cause for respondents. Also on the brief was Matthew Whitman.

Michael Vergamini filed the brief for appellant.

Before Tookey, Presiding Judge, Egan, Judge, and DeVore, Senior Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Plaintiff, as the sole trustee of the Peregrine Trust (the trust), filed a complaint *pro se* in the Grant County Circuit Court, alleging that defendants breached an agreement to sell a gold mine to the trust, seeking specific performance. On defendants' motion, the trial court dismissed plaintiff's claim, and plaintiff appeals. We conclude that the trial court did not err in dismissing the claim and therefore affirm.

ORS 9.320 provides:

> "Any action, suit, or proceeding may be prosecuted or defended by a party in person, or by attorney, except that the state or a party that is not a natural person appears by attorney in all cases, unless otherwise specifically provided by law. Where a party appears by attorney, the written proceedings must be in the name of the attorney, who is the sole representative of the client of the attorney as between the client and the adverse party, except as provided in ORS 9.310."

Under ORS 9.320, a business trust must be represented by an attorney, and a nonlawyer may not represent a business trust before the court. *Marguerite E. Wright Trust v. Dept. of Rev.*, 297 Or 533, 536-37, 685 P2d 418 (1984); *see also Oregon Peaceworks Green, PAC v. Sec. of State*, 311 Or 267, 271, 810 P2d 836 (1991) (same rule with respect to unincorporated associations). It is undisputed that the trust was subject to ORS 9.320. The trust was thus required to be represented by an attorney in order to pursue a claim in a court of law. Plaintiff's complaint was signed by plaintiff as trustee and was not signed by an attorney. Thus, defendants filed a motion to dismiss the complaint.

Plaintiff subsequently retained attorney Andrew Martin. After Martin filed a notice of his representation of plaintiff with the court, the parties stipulated to a withdrawal of defendants' motion to dismiss. The parties then entered into a written settlement agreement, under which plaintiff agreed to pay defendants the sum of $500,000, as earnest money for the purchase of the mine, in exchange for the dismissal of plaintiff's complaint. The settlement agreement stated:

"[I]f the earnest money is not deposited within three days after the open of escrow this agreement [sic] none of the Parties shall have any further obligations under this agreement except any lawsuits currently pending between the Parties shall be dismissed with prejudice."

Plaintiff never deposited the earnest money. Martin, who had not filed an amended complaint on the trust's behalf, withdrew from plaintiff's representation. Defendants thus renewed their motion to dismiss, asserting once again that plaintiff did not have representation by an attorney, as required by ORS 9.320. As additional grounds for dismissal, defendants asserted that the complaint failed to state a claim for breach of a contract to sell the mine, because it did not allege a written agreement, ORS 41.580 (Oregon's statute of frauds), and, further, that dismissal was required under the parties' settlement agreement, which defendants attached to the complaint, after plaintiff failed to deposit the required sum in escrow.

On the date of the hearing on defendants' motion to dismiss, attorney Sunny Kakwani filed a notice of "limited scope representation" of plaintiff, for the hearing only. Plaintiff, again in his capacity as trustee for the Peregrine Trust, filed a "motion for adjournment," seeking postponement of the hearing so that counsel could prepare. The trial court summarily denied plaintiff's motion because it had not been filed by an attorney. Kakwani, appearing at the hearing on plaintiff's behalf, did not address the court's ruling or renew plaintiff's motion for a postponement.

Kakwani did not offer any argument on the merits of defendants' motion to dismiss. He asked the court to allow the matter to continue, because plaintiff wished to have time to "unravel" some "malfeasance."

The court granted defendants' motion to dismiss and agreed with defendants that the dismissal should be with prejudice, as provided in the parties' settlement agreement. The judgment states that the complaint is dismissed because plaintiff did not have an attorney, as required by ORS 9.320, and therefore could not maintain the action. The judgment further states that dismissal was required

by the parties' settlement agreement after plaintiff failed to deposit the required earnest money.

Both of plaintiff's assignments of error on appeal challenge the trial court's granting of defendants' motion for dismissal. Plaintiff's first assignment of error asserts that the trial court erred in determining that the complaint must be dismissed because plaintiff lacked "capacity" to sue. However, the basis for dismissal, as stated in the judgment, was not a lack of capacity; rather, the judgment states that the complaint was dismissed because the trust was not represented by counsel, as required by ORS 9.320. We do not see where in the record plaintiff preserved a challenge to that determination. But if and to the extent that plaintiff did preserve the contention, we conclude that the trial court did not err. Under ORS 9.320, plaintiff could not represent the trust in court. The complaint was required to be signed by an attorney, and it was not. The fact that plaintiff had retained counsel on the day of the hearing for the limited purpose of attending the hearing did not relieve plaintiff of that requirement.[1]

In his second assignment of error, plaintiff challenges the trial court's determination that dismissal was required by the parties' settlement agreement. Plaintiff contends that the trial court's ruling as to the effect of the parties' settlement agreement wrongfully determined a factual matter that could not be decided on the pleadings, in essence treating the motion to dismiss as a motion for summary judgment. It does not appear that plaintiff preserved his challenge to the trial court's ruling. But even if his challenge is preserved, or if, as plaintiff suggests, we were to review the assignment as presenting plain error, we would conclude that, in light of our determination on the first assignment that the trial court did not err in dismissing the complaint, which is dispositive, we need not address the challenge raised by the second assignment.

Affirmed.

---

[1] Under the first assignment, plaintiff also contends that the trial court should not have denied his "motion for adjournment." Any argument relating to that ruling is not preserved and we therefore decline to address it.