The FIRST AMENDMENT FOUNDATION, Plaintiff,

v.

The VILLAGE OF BROOKFIELD, et al., Defendants.

No. 83 C 8760.

United States District Court, N.D. Illinois, E.D.

Dec. 19, 1983.

Shelly Weisberg, Chicago, Ill., pro socio for plaintiff The First Amendment Foundation.

Richard J. Billik, Richard J. Billik, Jr., Chicago, Ill., for defendant The Village of Brookfield.

No appearance for other defendants.

## MEMORANDUM OPINION AND ORDER

GETZENDANNER, District Judge:

On its own motion, the court dismisses this action without prejudice under 28 U.S.C. § 1654. Paragraph 2 of the Complaint in this case states in part:

Plaintiff, THE FIRST AMENDMENT FOUNDATION is a Partnership of Pro Se Litigants who are citizens of the United States of America and Canada. The First Amendment Foundation is located in Rainy River, Ontario, Canada. Shelly Weisberg is a Partner in the First Amendment Foundation and will appear in Court as a Pro Socio.

28 U.S.C. § 1654 provides:

In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

■ Corporations must be represented in court by attorneys admitted to practice, and may not appear through an officer or other lay representative. *Strong Delivery Ministry Association v. Board of Appeals,* 543 F.2d 32 (7th Cir.1976). The same rule applies to partnerships and other unincorporated organizations. *Move Organization v. United States Department of Justice,* 555 F.Supp. 684, 692–93 (E.D.Pa.1983); *Turner v. American Bar Association,* 407 F.Supp. 451, 476 (N.D.Tex., W.D.Pa., N.D. Ind., D.Minn., S.D.Ala., W.D.Wis.1975), *aff'd sub nom. Pilla v. American Bar Association,* 542 F.2d 56 (8th Cir.1976). *But see United States v. Reeves,* 431 F.2d 1187 (9th Cir.1970).

■ Mr. Weisberg is not a member of the bar of this court, and it is the court's understanding that he is not an attorney. His appearance on behalf of plaintiff therefore is improper. The order of December 16, 1983, granting plaintiff leave to file an amended complaint, is vacated. The papers

filed on plaintiff's behalf are stricken, and the case is dismissed without prejudice.

It is so ordered.