We affirm appellant's convictions and remand to the district court for modification of its restitution order consistent with this Memorandum.

The **CHURCH OF THE NEW TESTAMENT, Its Members and Friends,** Plaintiffs-Appellants,

v.

**UNITED STATES of America,** Defendant-Appellee.

No. 84–2859.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 1985.*

Decided Jan. 6, 1986.

Circuit Rule 3(f) and Fed.R.App.P. 34(a).

Gordon L. Ginn, Pastor, Church of the New Testament, Sacramento, Cal., for plaintiffs-appellants.

Gilbert S. Rothenberg, Patricia A. Willing, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant-appellee.

Before BARNES, FARRIS and CANBY, Circuit Judges.

BARNES, Circuit Judge.

Pastor Gordon L. Ginn, on behalf of the plaintiffs—the Church of the New Testament ("Church"), its "members and friends"—appeals the district court's dismissal of this action for lack of subject matter jurisdiction. We affirm.

## FACTS

The Church, its pastor (Ginn), and its other "members and friends" are aggrieved by the fact that: (1) the Internal Revenue Service ("IRS") has failed to include the Church in its list of tax-exempt organizations; and (2) this failure has damaged their efforts to solicit contributions. They sought a judgment declaring the Church's tax-exempt status. The district court granted the Government's motion to dismiss, finding that the Declaratory Judgment Act, 28 U.S.C. § 2201, specifically prohibits actions concerning federal taxes. Plaintiffs filed a timely notice of appeal from the dismissal.

## DISCUSSION

Two issues are presented for our determination:

(1) Whether the district court erred in holding that it lacked jurisdiction to entertain this action under 28 U.S.C. § 2201; and

(2) Whether the district court erred in dismissing the action as to the Church where the Church was not properly represented below.

We answer both questions in the negative.

Both issues are questions of law which we review de novo. *United States v. McConney,* 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied,* —— U.S. ——, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

### A. Subject Matter Jurisdiction

The Declaratory Judgment Act, 28 U.S.C. § 2201, gives district courts jurisdiction to declare parties' rights, but ordinarily prohibits declaratory judgment in actions involving federal taxes. *California v. Regan,* 641 F.2d 721, 722–23 (9th Cir.1981). The only relevant exception to this prohibition is the exception for actions brought under 26 U.S.C. § 7428, which provides for declaratory judgments concerning the status of *organizations* under 26 U.S.C. § 501(c)(3).[1] *High Adventure Ministries, Inc. v. Commissioner,* 726 F.2d 555, 556 (9th Cir.1984). The question then is, whether this action was properly brought under 26 U.S.C. § 7428.

■ The Church is a proper potential petitioner in a section 7428 action, because it is an "organization the qualification or classification of which is at issue." 26 U.S.C. § 7428(b)(1). The Church, however, has failed to exhaust its administrative remedies: it never completed its exemption application with the IRS. Exhaustion of administrative remedies is a prerequisite to filing an action under § 7428. *Change-All Souls Housing Corp. v. United States,* 671 F.2d 463, 467 (Ct.Cl.1982); 26 U.S.C. § 7428(b)(2).

■ Even if we assume that the Church had exhausted its administrative remedies, the District Court for the Eastern District of California is not a proper forum for a section 7428 action, because that section authorizes only three specific federal courts to entertain such actions: the Tax Court, the Court of Claims, and the District Court for the District of Columbia. 26 U.S.C. § 7428(a).

The other plaintiffs—Ginn (the pastor of the Church) and the Church's "members and friends"—are not proper petitioners in a section 7428 action, because a section 7428 pleading may be filed "only by the organization the qualification or classification of which is at issue." 26 U.S.C. § 7428(b)(1).

Because this action is not properly brought under section 7428 as to any of the plaintiffs, it comes within the general Declaratory Judgment Act which prohibits actions involving federal taxes. The district court acted properly in dismissing the action for lack of subject matter jurisdiction. *See California v. Regan,* 641 F.2d at 722–23; *Mitchell v. Riddell,* 402 F.2d 842, 845–47 (9th Cir.1968), *appeal dismissed* and *cert. denied,* 394 U.S. 456, 89 S.Ct. 1223, 22 L.Ed.2d 415 (1969) (decided prior to the amendment adding the exception for section 7428 actions, but applicable where there was not a proper section 7428 action); 28 U.S.C. § 2201.

### B. Improper Representation

■ The Church is an unincorporated association which was not represented by an attorney either here or before the district court.[2] Unincorporated associations, like corporations, must appear through an attorney; except in extraordinary circumstances, they cannot be represented by laypersons. *In re Highley,* 459 F.2d 554, 555

---

**1.** 26 U.S.C. § 501(c)(3) states: "Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, testing for public safety, literary, or educational purposes, or to foster national or international amateur sports competition ... or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influ-

ence legislation ... and which does not participate in or intervene in (including the publishing or distributing of statements), any political campaign on behalf of any candidate for public office."

**2.** Ginn, who is not an attorney, was the only person appearing for plaintiffs below. He signed the initial complaint and the various moving papers below. He also signed the notice of appeal and the brief on appeal.

(9th Cir.1972) (corporations); *Strong Delivery Ministry Association v. Board of Appeals of Cook County*, 543 F.2d 32, 33–34 (7th Cir.1976) (per curiam) (not-for-profit corporation); *Move Organization v. United States Department of Justice*, 555 F.Supp. 684, 693 (E.D.Pa.1983) (unincorporated association), *and cases cited therein; The First Amendment Foundation v. Village of Brookfield*, 575 F.Supp. 1207, 1207–08 (N.D.Ill.1983) (unincorporated association). Furthermore, non-attorney litigants may not represent other litigants. *McShane v. United States*, 366 F.2d 286, 288 (9th Cir.1966); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir.1962) (per curiam).

■ The issue of whether the Church was properly represented was raised for the first time on appeal by Ginn's letter to this court seeking leave to represent all the plaintiffs on this appeal. We entered an order acknowledging Ginn's right to represent himself on appeal but deferred the issue of his representing the other plaintiffs. However, we need not address this issue at this juncture because the issue was not raised before the trial court and cannot now be raised for the first time on appeal. *Trans Container Services v. Security Forwarders, Inc.*, 752 F.2d 483, 487 (9th Cir. 1985).

## CONCLUSION

The jurisdictional question has been adequately litigated and it is clear that even if the Church might at some point in the future have a proper section 7428 action, the Eastern District of California is not the proper forum. *See Move Organization,* 555 F.Supp. at 693 (where the action would have been dismissed even if brought by a party properly represented, the fact that it was brought by a party that did not properly appear will not change the result).

Accordingly, the district court's order dismissing this action as to all plaintiffs is AFFIRMED.

