OREGON PEACEWORKS GREEN, PAC,
*Petitioner,*

*v.*

SECRETARY OF STATE,
*Respondent.*

(CA A50974)

OREGON PEACEWORKS GREEN, PAC,
*Petitioner,*

*v.*

SECRETARY OF STATE,
*Respondent.*

(CA A50975)
(Cases Consolidated for Opinion)

797 P2d 386

Dave Frohnmayer, Attorney General, Virginia L. Linder,

Solicitor General, and John A. Reuling, Jr., Assistant Attorney General, Salem, for motions.

No appearance *contra.*

Before Rossman, Presiding Judge, and Newman and Edmonds, Judges.

NEWMAN, J.

Rossman, P. J., dissenting.

## NEWMAN, J.

In November, 1988, the Secretary of State (respondent) issued two orders that imposed civil penalties on Oregon Peaceworks Green, a political action committee (PAC), for failing to file financial reports as ORS 246.021 requires. *See* ORS 260.232. Mary Ellen Daley filed petitions for judicial review and supporting briefs in this court on behalf of the PAC. Daley was the PAC's treasurer when she filed the petitions and briefs, but she had not been the treasurer when the reports were due. She signed the petitions as "Treasurer, Oregon Peaceworks Green PAC." She signed the briefs as "Treasurer, Oregon Peaceworks PAC, Attorney for Self," although the covers of the briefs described her as "Attorney for Appellant." Respondent has moved to strike the petitions for judicial review and briefs, on the ground that Daley lacked authority to file them on behalf of the PAC.[1] We deny the motions.

Respondent argues that, because Daley is not an active member of the Oregon State Bar or a party, she may not file the petitions for judicial review or briefs on behalf of the PAC. ORS 260.232; ORS 183.480. The PAC, however, is a person, ORS 260.005(10)[2]; ORS 260.005(11),[3] and it is a party aggrieved or adversely affected by the Secretary of State's orders. ORS 183.480.

ORS 183.480 does not say who may file a petition for judicial review or briefs on behalf of a party. Under ORS 9.320, which is applicable to this proceeding, ORAP 4.05, a party may prosecute or defend any action, suit or proceeding *in person* or by an attorney, except that the state or a corporation

---

[1] The state does not argue that the petitions for judicial review or briefs should be stricken on the ground that Daley held herself out as a member of the Oregon State Bar.

[2] ORS 260.005(10) provides:

" 'Person' means an individual or a corporation, association, firm, partnership, joint stock company, club, organization or other combination of individuals having collective capacity."

[3] ORS 260.005(11) provides:

" 'Political committee' means a combination of two or more individuals, or a person other than an individual, the primary or incidental purpose of which is to support or oppose any candidate, measure or political party, and which has received a contribution or made an expenditure for that purpose."

*must* appear by an attorney in all cases, unless otherwise specifically provided by law. The PAC is neither the state nor a corporation, and, therefore, it may appear in person in seeking judicial review of respondent's orders.

A political committee that appears in person must do so through an individual who is authorized to speak for it. The individual need not be a member of the Oregon State Bar, a party or an individual personally liable for penalties. Respondent considered Daley, as the PAC's treasurer, to be authorized to appear on its behalf at the hearing level. Respondent directed the notices of penalty and notices of hearing to her. She gave an affidavit as the representative of the PAC before the hearings officer. Daley, as treasurer of the PAC, was an appropriate individual to act on behalf of the PAC.[4]

Motions denied.

**ROSSMAN, P. J.,** dissenting.

I dissent. It is an oxymoron to conclude, as does the majority, that a PAC appears *pro se* "through an individual who is authorized to speak for it."[1] All that that says is that the individual represents the PAC. Representation by other than one qualified to practice law is prohibited by ORS 9.160 and ORS 9.320.[2] Daley is not qualified to practice law.

---

[4] ORS 260.035 mentions appointment of a treasurer as a necessary precondition for the operation of a PAC.

[1] The majority relies on ORS 260.005(10) for its determination that a PAC is a "person." However, that statute recognizes the collective nature of a PAC:

"'Person' means an individual or a corporation, association, firm, partnership, joint stock company, club, organization or other *combination of individuals having collective capacity.*" (Emphasis supplied.)

[2] ORS 9.160 provides:

"Except for the right reserved to litigants by ORS 9.320 to prosecute or defend a cause in person, no person shall practice law or represent that person as qualified to practice law unless that person is an active member of the Oregon State Bar."

ORS 9.320 provides:

"Any action, suit, or proceeding may be prosecuted or defended by a party in person, or by attorney, except that the state or a corporation appears by attorney in all cases, unless otherwise specifically provided by law. Where a party appears by attorney, the written proceedings must be in the name of the attorney, who is the sole representative of the client of the attorney as between the client and the adverse party, except as provided in ORS 9.130."

The majority further errs in concluding that, because Daley may appear on behalf of the PAC in a contested case hearing, it follows that she can represent the PAC on an appeal to this court. Clearly, there is nothing in the law suggesting that Daley's authority to appear at a contested hearing somehow extends to judicial review.[3]

In a contested case hearing, ORS 183.455 provides that a "person" may appear by an "authorized representative."[4] An authorized representative includes an "authorized officer * * * of [an] organized group." ORS 183.455(1)(b). The underlying purpose for allowing the appearance by an authorized representative at the hearing is to permit the development of a complete record. However, the authorized representative is strictly prohibited from making legal arguments. ORS 183.455(2)(c). Given that statutory constraint, there is no logic in restricting a PAC officer from making legal arguments at the hearing but allowing her to do so on review.

Because there is no statutory authority for Daley to represent the PAC and because there is an explicit prohibition of her doing so, I would hold that Daley cannot prosecute this judicial review.

---

[3] A hearing under ORS 260.232 is conducted under the provisions of the Administrative Procedures Act. ORS 260.232(4).

[4] Daley's role at the hearing is not entirely clear. ORS 260.232(3)(a) provides that a hearing may be held on request of the "person against whom the penalty may be assessed * * *." Daley requested the hearing, but she was not the treasurer when the reports were filed, and the orders do not hold her personally liable. She could have appeared as the "authorized representative" for the PAC, if the requirements of ORS 183.455(2) were met. It is not clear that they were.