925 F.2d 490
 288 U.S.App.D.C. 259
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
HERBERT BRYANT, INC., et al. Old Town Yacht Basin
Associates, Appellant
 No. 90-5191.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 25, 1991.
Order and Memorandum Denying Rehearing March 25, 1991.
 
 Before MIKVA, Chief Judge, and RUTH BADER GINSBURG and CLARENCE THOMAS, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the responses to the court's order to show cause filed October 5, 1990, and the amended notice of appeal filed November 21, 1990, it is
 
 
 2
 ORDERED that the order to show cause be discharged. It is
 
 
 3
 FURTHER ORDERED that the appeal be dismissed. An unincorporated association must be represented by counsel. See Sewer Alert Committee v. Pierce County, 791 F.2d 796 (9th Cir.1986); Donham v. USDA, 725 F.Supp. 985 (S.D.Ill.1989); First Foundation v. Village of Brookfield, 575 F.Supp. 1207 (N.D.Ill.1983).
 
 
 4
 Nor can the court entertain the appeal by Kathryn Barbour Lang, Richard Arrington Lang, James G. Lang, Jr., and Elizabeth L. Lang. These individuals are not represented by counsel and did not sign the notice of appeal. The signing and filing of a notice of appeal on behalf of another by a person who is not a qualified attorney is ineffective to vest an appellate court with jurisdiction and such an appeal is properly dismissed. See 28 U.S.C. Sec. 1654; see also, e.g., Elias v. Connett, 908 F.2d 521, 522 (9th Cir.1990); Therialt v. Silber, 579 F.2d 302, 302 n. 1 (5th Cir.1978), cert. denied, 440 U.S. 917 (1979); Scarella v. Midwest Federal Savings & Loan, 536 F.2d 1207, 1209 (8th Cir.) (per curiam), cert. denied, 429 U.S. 885 (1976). But cf. Lewis v. Lenc-Smith Mfg. Co., 784 F.2d 829 (7th Cir.1986).
 
 
 5
 Furthermore, the court lacks authority to entertain an appeal by John Chapman Gager. Mr. Gager appealed on behalf of Old Town Yacht Basin Associates and not in his individual capacity. The court may not hear the Yacht Basin's pleas absent representation of this unincorporated association by counsel. See Torres v. Oakland Scavenger, 484 U.S. 312, 318 (1988); Appeal of District of Columbia Nurses' Ass'n (Battle, et al. v. District of Columbia ), 854 F.2d 1448, 1450 (D.C.Cir.1988) (per curiam).
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 ORDER AND MEMORANDUM DENYING REHEARING
 
 7
 (March 25, 1991)
 
 
 8
 PER CURIAM.
 
 
 9
 Upon consideration of appellant's petition for rehearing, filed January 31, 1991, it is
 
 
 10
 ORDERED, by the Court, that the petition is denied for the reasons set forth in the attached memorandum.
 
 MEMORANDUM
 
 11
 On January 25, 1991, the court dismissed Old Town Yacht Basis Associates' ("OTYBA") appeal. OTYBA now petitions for rehearing. OTYBA's arguments in support of its petition are the same as those fully examined and rejected by the court prior to entry of the order dismissing the appeal. OTYBA raises no new arguments which warrant rehearing.
 
 
 12
 OTYBA attached to the petition an affidavit from counsel who may be willing to represent OTYBA. OTYBA has had notice since July 16, 1990, and in three subsequent orders, that an unincorporated association must be represented by counsel. See In re: Old Town Yacht Basin Associates, No. 90-5189 (D.C. Cir. July 16, 1990); In re: Old Town Yacht Basis Associates, No. 90-5189 (D.C. Cir. Aug. 30, 1990); United States v. Bryant, et al., No. 90-5191 (D.C. Cir. Oct. 5, 1990); and United States v. Bryant, et al., No. 90-5191 (D.C. Cir.Jan. 25, 1991). In addition, despite a representation that counsel was available on October 19, 1990, OTYBA has not entered an appearance of counsel. See Affidavit of John Chapman Gager, OTYBA's Response to Show Cause Order filed October 19, 1990. Moreover, OTYBA has not provided any persuasive reason in its petition, other than stating that the effort to obtain counsel has been in "flux," why counsel has yet to appear. Finally, despite the affidavit of counsel, OTYBA remains unrepresented to date. Accordingly, the time has passed within which this court might reasonably be asked to entertain the possibility that counsel may enter an appearance in the future.