Argued and submitted March 6, the order of the Court of Appeals reversed and remanded to the Court of Appeals for further proceedings May 2, 1991

## OREGON PEACEWORKS GREEN, PAC,
*Respondent on Review,*

*v.*

## SECRETARY OF STATE,
*Petitioner on Review.*

(No. 3784144; CA A50974 (Control), A50975; SC S37620)

810 P2d 836

John Reuling, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the petition were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance *contra.*

Lia Saroyan, Assistant Disciplinary Counsel, Oregon State Bar, Lake Oswego, filed the brief and argued the cause on behalf of *amicus curiae* Oregon State Bar.

CARSON, J.

## CARSON, J.

This case raises the issue whether a nonattorney[1] may represent an unincorporated political action committee (PAC) before the state courts. We conclude that such representation is prohibited by statute.

### FACTS

ORS 260.063 *et seq* require that political committees provide the Secretary of State with certain information. Oregon Peaceworks Green, a PAC, did not timely file required statements of contributions and expenditures related to the 1988 primary election. The Secretary of State notified Oregon Peaceworks Green of the violation and of her proposal to impose fines, as permitted by ORS 260.232. The notice informed Oregon Peaceworks Green that it could request a hearing and that it could submit written testimony in lieu of an appearance at the hearing.

Mary Ellen Daley submitted written testimony in behalf of the PAC, explaining why the required statements were not filed on time. At the time the filing deadlines were missed, Daley was not the treasurer of Oregon Peaceworks Green, although she became the treasurer before she submitted her written testimony. The Director of Elections (the Secretary of State's hearings officer, *see* OAR 165-01-010; 165-01-035) issued final orders imposing fines on the PAC. The final orders included notice that the PAC could seek review of the orders in the Court of Appeals. Daley filed petitions for judicial review of the final orders, ORS 183.480(1), and signed the petitions as "Treasurer Oregon Peaceworks Green PAC." Daley was not at the time she signed the petitions — nor is she now — a member of the Oregon State Bar, and she did not represent otherwise to the court.

The Secretary of State moved the Court of Appeals to strike the petitions for judicial review on the ground that they were "prepared, signed and filed by a person who is not and was not then an active member of the Oregon State Bar, and

---

[1] For the purposes of this case, a "nonattorney" is a person who is not an active member of the Oregon State Bar. *See* ORS 9.005(1), 9.160 (defining the word "attorney").

who is not herself a party to this proceeding, and [who] therefore lacked authority to take such action on her own behalf or on behalf of Oregon Peaceworks Green PAC." (Footnote omitted.) The Court of Appeals denied the motions by written opinion. *Oregon Peaceworks Green, PAC v. Sec. of State,* 103 Or App 323, 797 P2d 386 (1990). We allowed the Secretary of State's petition for review to address this issue: When review of an agency's final order is sought under ORS 183.480, and the party seeking review is an unincorporated political action committee, must that party be represented by an attorney?[2]

## DISCUSSION

■ There are two statutory provisions that govern the representation of others before the state courts of Oregon.[3] ORS 9.160 provides:

> "Except for the right reserved to litigants by ORS 9.320 to prosecute or defend a cause in person, no person shall practice law or represent that person as qualified to practice law unless that person is an active member of the Oregon State Bar."

ORS 9.320 provides:

> "Any action, suit, or proceeding may be prosecuted or defended by a party in person, or by attorney, except that the state or a corporation appears by attorney in all cases, unless otherwise specifically provided by law. Where a party appears by attorney, the written proceedings must be in the name of the attorney, who is the sole representative of the client of the attorney as between the client and the adverse party, except as provided in ORS 9.310."

The substance of those provisions has remained essentially unchanged since their initial enactments in 1935 and 1862, respectively.

Read together, ORS 9.160 and 9.320 state a general rule regarding legal representation and an exception to that

---

[2] This review is interlocutory; the Court of Appeals has not yet addressed the merits. We took the unusual step of allowing review at this stage because of the public importance of the issue involved. *See Oregon Business Planning Council v. LCDC,* 290 Or 741, 743-44 n 5, 626 P2d 350 (1981) (noting the discretionary authority of this court to grant a petition for review, holding that there was an issue of public importance, and reversing a decision of the Court of Appeals denying motions to dismiss appeals).

[3] With some exceptions irrelevant to this case, the procedure for judicial review of an order in a contested case is the same as the procedure for appeals in civil cases. ORAP 4.05.

rule. ORS 9.160 unequivocally prohibits a nonattorney from practicing law. ORS 9.320 states the key exception to the ORS 9.160 prohibition: representation of oneself. Neither statute empowers a nonattorney to represent *another* in state court, a fundamental aspect of law practice.

Focusing on ORS 9.320, the Court of Appeals reasoned that, because the PAC is neither the state nor a corporation — which are the only entities expressly denied self-representation by that statute — the PAC may appear "in person." For a PAC to appear "in person," it must do so "through an individual who is authorized to speak for it." The Court of Appeals concluded that, as the PAC's treasurer, Ms. Daley "was an appropriate individual to act on behalf of the PAC." *Oregon Peaceworks Green, PAC v. Sec. of State, supra,* 103 Or App at 326. (Footnote omitted.)

In reaching its conclusion, the Court of Appeals mistakenly spotlighted the word "person" in ORS 9.320 and inappropriately borrowed a definition for that term from ORS 260.005(10) (which, by its terms, applies only to ORS chapter 260, relating to campaign finance regulations). In determining whether ORS 9.320 allows the representation prohibited by ORS 9.160, the expression to be examined is the phrase *"in* person," to which the legal definition of "person" is irrelevant. We agree with *amicus* that, for purposes of ORS 9.320, only an individual human being can appear "in person."

Lexical considerations aside, there are sound reasons to conclude that the statutes do not permit unincorporated associations to be represented in state courts by their officers. Regardless of our views about other aspects of the practice of law, this court consistently has guarded — as a central feature of the practice of law — the prohibition against nonattorneys representing others in state courts. *See, e.g., Marguerite E. Wright Trust v. Dept. of Rev.,* 297 Or 533, 685 P2d 418 (1984) (nonattorney may not represent a business trust); *Oregon State Bar v. Wright,* 280 Or 693, 573 P2d 283 (1977) (nonattorney may not represent others in state courts, even if no fee is charged). At no time has the legislature found it necessary to clarify ORS 9.320 to suggest that nonhuman entities could appear before the courts "in person." *See generally Reed v. Roberts,* 304 Or 649, 748 P2d 542 (1988) (discussion of ballot title that would change

law to allow nonattorneys to appear in court representing corporations and "other entities").

Our interpretation of ORS 9.320 and 9.160 also is consistent with federal courts' interpretations of the analogous federal provision, 28 USC § 1654, which provides in part that "[i]n all courts of the United States, the parties may plead and conduct their own causes personally or by counsel." *See Church of the New Testament v. United States,* 783 F2d 771, 773 (9th Cir 1986) ("[u]nincorporated associations, like corporations, must appear through an attorney"). *See also McShane v. United States,* 366 F2d 286, 288 (9th Cir 1966) (a litigant's right to appear *in propria persona* is "personal to him"); *First Amendment Foundation v. Vill. of Brookfield,* 575 F Supp 1207 (ND Ill 1983) (corporations, partnerships, and unincorporated associations may not appear through an officer or other nonattorney representative).

■ Finally, we address the relevance of the provisions of the Oregon Administrative Procedures Act to this matter. As the Court of Appeals' dissent notes, the majority apparently relies for its conclusion, in part, on the authority for a nonattorney to represent an entity in contested case hearings. ORS 183.455 and 183.457. There are two conspicuous flaws in the majority's reasoning. First, a nonattorney "authorized representative" may not present legal arguments in a contested case hearing, ORS 183.457(2)(c). The legislature is not likely to have intended to constrain an authorized representative in this manner in administrative tribunals, while allowing full legal representation in state courts. Second, there is no necessary parallel between the factfinding procedures adopted by agencies and the laws governing practice before the judiciary. Representation of others in state court is strictly confined to those who have demonstrated competence by being admitted to practice law in this state and who have undertaken by their oaths the burdens and responsibilities of officers of the court. *See* ORS 9.010(1) (lawyer is officer of the court).[4]

---

[4] We agree with the reasoning of other courts that have distinguished representation by attorneys from representation by nonattorneys on the basis of the twin elements of competence and professional responsibility:

"The conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are

The Court of Appeals erred in denying the Secretary of State's motions to strike Oregon Peaceworks Green's petitions for judicial review. The order of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for proceedings consistent with this opinion.

---

inarticulately presented, proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities, *e.g.,* to avoid litigating unfounded or vexatious claims." *Eagle Associates v. Bank of Montreal,* 926 F2d 1305, 1308 (2d Cir 1991) (Quoting *Jones v. Niagara Frontier Transp. Authority,* 722 F2d 20, 22 (2d Cir 1983)).