Antonio A. **Benavente**,
Doing Business as
Benavente Security Agency,
Plaintiff/Appellee,
v.
**Double One Enterprises, Inc.**,
Defendant/Appellant.
Appeal No. 95-018
Civil Action No. 93-1217
Order of Dismissal
October 2, 1995

Counsel for appellee: Michael A. White, White, Pierce, Mailman & Nutting, Saipan.

---

[23] *Egede-Nissen v. Crystal Mountain, Inc.*, 606 P.2d 1214, 1223 (Wash. 1980) (en banc) (citation omitted).

[24] *See* Com. R. Evid. 614(b).

[28] *Id.*

[29] *Lawler v. First Nat'l Bank of Nev.*, 576 P.2d 1121, 1122 (Nev. 1978) (jury trial).

Appearing for appellant: Yi Qing Han, Saipan.

BEFORE: VILLAGOMEZ and ATALIG, Justices, and MACK, Special Judge.

PER CURIAM:

On September 14, 1995, the appellee, Antonio A. Benavente, filed a motion to dismiss this matter, pursuant to Com. R. App. P. 42(c), for failure to comply with Com. R. App. P. 11. This motion was disregarded because service of the motion was executed upon the co-defendant, Yi Qing Han ("Han"), individually and not upon the appellant, Double One Enterprises, Inc. ("Double One"). Han, the president of Double One, is listed on the notice of appeal as the attorney of record, and the record reflects that he is proceeding pro se on behalf of Double One. Han is not a member of our Bar Association. *See* Northern Marianas Bar Association, *Active CNMI Bar Members* (July 1995).

■ Generally, "a corporation without counsel[] cannot be a party to [an] appeal." *Jones v. Hardy*, 727 F.2d 1524, 1527 n.2 (Fed. Cir. 1984). Instead, it must be represented by an attorney, see, e.g., *In re Highley*, 459 F.2d 554, 555 (9th Cir. 1972), and not its president appearing pro se on its behalf. *See United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969) (*cited in Highley*, 459 F.2d at 555); *cf. Church of the New Testament v. United States*, 783 F.2d 771, 774 (9th Cir. 1986) ("non-attorney litigants may not represent other litigants"). Otherwise, the corporation is not properly before the appellate court. *Highley*, 459 F.2d at 556; *cf. Carter v. C.I.R.*, 784 F.2d 1006, 1008 (9th Cir. 1986).[1] Hence, we question the jurisdiction of this Court over Double One's appeal.

On September 22, 1995, we issued an order for Double One to show cause why this appeal should not be dismissed for lack of jurisdiction. In that order we noted the general rule that a corporation must be represented by counsel. On September 29, 1995, Han, in his capacity as president of Double One, responded to the order by letter. That letter, however, addresses only the merits of Double One's appeal and not the lack of counsel.

Accordingly, it is hereby **ORDERED** that this appeal is **DISMISSED** for lack of jurisdiction, each party to bear its own costs. It is **FURTHER ORDERED** that the mandate shall issue immediately.

---

[1] In *Carter v. C.I.R.*, 784 F.2d 1006, 1008 (9th Cir. 1986) the Ninth Circuit dismissed a pro se co-party's appeal for lack of jurisdiction under Fed. R. Civ. P. 11 and Fed. R. App. P. 3(c). In that case, the party did not personally sign the notice of appeal. While Fed. R. App. P. 3(c), which is identical to Com. R. App. P. 3(c), does not require either a pro se party's signature or that of a represented party's attorney, the court in *Carter* held that such was required where there are multiple parties which may appeal from a decision and it is "'[t]he only means of determining which litigants are interested in pursuing an appeal.'" *Carter*, 784 F.2d at 1008 (citation omitted). Like the court in *Carter*, the record before us evinces confusion as to the identity of the appellant(s) in this matter.