Dennis RUNKLE, General Part-
ner Elknur Family Limited
Partnership, Petitioner,

v.

UNITED STATES of America, Defendant.

ELKNUR FAMILY LIMITED
PARTNERSHIP, Third–
Party Petitioner,

v.

UNITED STATES of America,
Third–Party Respondent.

Civil No. 1:96CV99.

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Jan. 6, 1997.

Dennis Runkle, Fort Wayne, IN, pro se.

Gerald H. Parshall, Jr., U.S. Dept. of Justice, Washington, DC, for U.S.

## ORDER

WILLIAM C. LEE, Chief Judge.

This matter is before the court on a petition to quash summons filed by the Elknur Family Limited Partnership ("Elknur") on October 28, 1996. The parties completed briefing the petition on December 24, 1996.

### Discussion

Elknur has made the following arguments in its petition to quash:

(1) The summons at issue in this case seek "third-party recordkeeper information" (Elknur Petition ¶ II(b));

(2) Elknur was allegedly not served with the summonses at issue in this case, although it was entitled to such service (Elknur Petition ¶ II(a) and (e)), and the such non-service was allegedly intentional on the part of the Special Agent, who is allegedly conducting a criminal investigation of Elknur and others:

(3) Elknur and other persons allegedly entitled to notice received no notice of service of the summonses at issue in this case (Elknur Petition ¶¶ II(c), IV(a), IV(b), IV(h));

(4) Some of the documents sought by the summonses at issue in this case will identify or "implicate" Elknur and partners of Elknur (Elknur Petition ¶¶ II(d), III);

(5) The summonses were defective with respect to the time and place of the examination being proposed (Elknur Petition ¶ IV(c))

(6) The summonses inadequately described the records to be produced (Elknur Petition ¶ IV(c));

(7) The summonses were overbroad in that they did not restrict themselves to investigation "targets" (Elknur Petition ¶¶ IV(d), IV(f)), or to documents "pertinent" for enforcing the tax laws (Elknur Petition ¶ IV(e));

(8) The summonses were not issued for a proper statutory purpose (Elknur Petition ¶ IV(g)); and (9) Anything produced in response to the summonses would be unconstitutionally obtained and thus "fruit of the poisonous tree" (Elknur Petition ¶ V).

 In response to Elknur's arguments, the United States first argues that Elknur, as a partnership, cannot appear *pro se* or through Mr. Runkle, its general partner (who is not an attorney).

Corporations must be represented in court by attorneys admitted to practice, and may not appear through an officer or other lay representative. *Strong Delivery Ministry Association v. Board of Appeals,* 543 F.2d 32 (7th Cir.1976). The same rule applies to partnerships and other unincorporated organizations. *Move Organization v. United States Department of Justice,* 555 F.Supp. 684, 692–93 (E.D.Pa. 1983); *Turner v. American Bar Association,* 407 F.Supp. 451, 476 (N.D.Tex., W.D.Pa., N.D.Ind., D.Minn., S.D.Ala., W.D.Wis.1975), *aff'd sub nom. Pilla v. American Bar Association,* 542 F.2d 56 (8th Cir.1976). *But see United States v. Reeves,* 431 F.2d 1187 (9th Cir.1970). *The First Amendment Foundation v. Village of Brookfield,* 575 F.Supp. 1207, 1207 (N.D.Ill.1983). As Runkle is not an attorney and is not a member of the bar of this court

he cannot, as a matter of law, represent Elknur. Consequently, Elknur's petition to quash will be dismissed.

■ Even if this court were able to permit Elknur to be represented by Runkle, it is clear that this court does not have subject matter jurisdiction over Elknur's petition. Elknur's general partner, Runkle, has admitted that he received notice of the summonses at issue. It is undisputed that Elknur did not file its petition to quash within 20 days after the mailing of the notice of the summonses. Therefore, according to 26 U.S.C. § 7609(b), this court does not have jurisdiction to entertain Elknur's petition.

However, even if jurisdiction were proper, Elknur's arguments in support of its petition are simply meritless. Elknur's first argument, that the summonses seek third-party recordkeeper information, is admitted by the United States as that is the express purpose of the summonses. The United States points out however, that to the extent the sought-after information implicates Elknur, the notices sent to Runkle, its general partner, suffice to satisfy the statute's requirements.

■ Elknur's second and third arguments, regarding the alleged intentional non-service by Agent Fabina, whom Elknur alleges is conducting a criminal investigation, likewise fail. Runkle was served with notice of the summonses, and thus the partnership received notice through Runkle. To the extent that Elknur attempts to raise the rights of "other persons", it is clear that Elknur does not have standing to do so. Additionally, Agent Fabina has stated in his affidavit that the purpose of his investigation is to determine the correct federal income tax liability of Dennis Runkle. This evidence is unrebutted and, moreover, has previously been accepted by this court. (*See* Order dated October 2, 1996, at 7).

■ For its fourth argument, Elknur asserts that its privacy rights have been violated because the summoned information might implicate it or others. First, as the United States points out, the exposure of Elknur's financial dealings is inherent in summonses for financial records. *Tiffany Fine Arts v. United States,* 469 U.S. 310, 105 S.Ct. 725, 83

L.Ed.2d 678 (1985). Additionally, as discussed earlier, Elknur cannot raise the rights of "other parties" as Elknur has no standing to do so.

■ For its fifth argument, Elknur objects to the time and place of examination. Again, however, Elknur is not permitted to raise this argument as it is not required to respond to the summonses in any way.

■ For its sixth and seventh arguments, Elknur asserts that the summonses are overbroad and fail to adequately describe the summoned information. However, a review of the summonses reveals that the summonses are very specific. In any event, if the summonses are, in fact, not specific enough, then the banks themselves may request further specificity. Additionally, it is clear that the summonses are not simply seeking "all records" of Elknur or Dennis Runkle, but are seeking specific information. Thus any argument that Elknur may be raising claiming overbreadth is clearly meritless.

■ Elknur next argues that the summonses were issued for an improper purpose. Clearly, however, this argument is foreclosed by the testimony of Agent Fabina, which this court has already accepted. Moreover, Elknur has not presented any argument or evidence to suggest that Agent Fabina's testimony is not truthful.

■ Finally, for its last argument, Elknur alleges unspecified constitutional violations which purportedly will cause the information produced pursuant to the summonses to be tainted as "fruit of the poisonous tree". However, as the United States has repeatedly pointed out in this case, there is no reasonable expectation of privacy in the types of records sought by the summonses at issue in this case, and thus there can be no unreasonable search and seizure of such. *United States v. Miller,* 425 U.S. 435, 436, 440–43, 96 S.Ct. 1619, 1620–21, 1622–24, 48 L.Ed.2d 71 (1976). Moreover, the exclusionary rule is not properly invoked in opposition to the enforcement of an administrative summons, as the exclusionary rule only applies in criminal prosecutions. *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

*Conclusion*

For all of the foregoing reasons, Elknur's petition to quash is hereby DENIED, and the United States' motion for enforcement of the summonses at issue is hereby GRANTED.