129 F.3d 1268
 80 A.F.T.R.2d 97-7454, 97-2 USTC P 50,900
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dennis RUNKLE and Elknur Family Limited Partnership,
Petitioners-Appellants,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 97-1524.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 25, 1997.*
Decided Oct. 24, 1997.
 
 Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division.
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Dennis Runkle appeals the district court's denial of the Elknur Family Limited Partnership's petitions to quash IRS summonses. He purports to appeal on behalf of Elknur, but as we explain below, a non-attorney may not represent a partnership. We affirm.
 
 
 2
 The IRS issued summonses to banks in which Runkle had accounts in order to obtain books, records or other data to determine his income tax liability. Runkle and the partnership petitioned in the district court to quash the summonses. The court denied the petition. The court pointed out correctly that because Runkle was not an attorney, he could not represent the partnership. Runkle v. United States, 962 F.Supp. 1112, 1113-14 (N.D.Ind.1997); see also, Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993) (discussing 28 U.S.C. § 1654). Moreover, because the partnership did not file its petition to quash within 20 days after the mailing of the notice of the summonses, see 26 U.S.C. § 7609(b)(2), the court lacked subject matter jurisdiction to review the petition. See Faber v. United States, 921 F.2d 1118, 1120 (10th Cir.1990).
 
 
 3
 On appeal, Runkle raises one principal argument. He argues that the copies of the IRS summonses lacked attestation clauses as required by 26 U.S.C. § 7603. However, as the district court and other courts have noted, non-attested summonses are enforceable so long as there is no evidence that the absence of an attestation harmed the summoned party. See Mimick v. United States, 952 F.2d 230, 232 (8th Cir.1991). Because Runkle has not shown that he suffered any harm by receiving non-attested summonses, the summonses are enforceable.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir. R. 34(f)