I. INTRODUCTION
This matter is before the court on the motion of Intervenor Douglas County Assessor (the county).
 II. FACTS
The Complaint initially filed in the court related to the proper valuation of two parcels of real estate, one owned by Roger A. Hartman (Hartman) individually and one owned by Hartman Development, Inc. (the corporation). Plaintiffs are shown on the Complaint as Hartman and the corporation. The signatures on the Complaint were of Hartman, for himself, and Hartman as president of the corporation. Hartman is not an attorney licensed to practice law in the State of Oregon.
The corporation has elected to be taxed under Subchapter S of the Internal Revenue Code of 1986, as amended. Hartman is the sole shareholder of the corporation and is its president. *Page 573 
Pursuant to ORS 305.230 and the rules of the Magistrate Division of this court, Hartman was permitted to represent both himself and the corporation in the proceedings in the Magistrate Division, from a decision of which this appeal was taken.[1]
The initial defendant in this matter was the Department of Revenue (the department). In its answer, the department also made a motion to disqualify Hartman from acting as the representative of the corporation in the Regular Division of this court. In its prayer for relief, the department asked that the assessments in question be upheld and that Hartman be disqualified as a representative of the corporation.
The county moved to intervene in the case and that motion was granted. The county answered the substantive allegations of the Complaint and also moved for a dismissal of the case. Within two weeks of the department's answer, Hartman and the corporation tendered to the court a signature page for the Complaint, showing a member of the Oregon bar as the representative of Hartman and the corporation.
 III. ISSUE
Should the Complaint, insofar as it relates to property of the corporation, be dismissed?
 IV. ANALYSIS
1. There are two competing alternatives for how to resolve this matter. On the one hand, the Complaint, at least as to the corporation, could be dismissed. On the other hand, the Complaint, as to the corporation and its property, could be treated as filed without a valid signature. If the first alternative is adopted, the practical effect will be the end of the case as to the corporation's property because the statute of limitations for an appeal from the decision of the Magistrate Division has run. The second alternative would treat the original Complaint as unsigned. Pursuant to Tax Court Rule (TCR) 17 B, the prompt tender of a properly signed complaint *Page 574 
would result in the pleading not being stricken and the case would proceed.
Taxpayer has proposed a third alternative. That alternative is to apply ORS 305.494 to the situation so as to permit signature by a shareholder of the Subchapter S corporation. ORS 305.494 provides:
 "Notwithstanding ORS 9.320, any shareholder of an S corporation as defined in section 1361 of the Internal Revenue Code, as amended and in effect on December 31, 2006, may represent the corporation in any proceeding before the Oregon Tax Court in the same manner as if the shareholder were a partner and the S corporation were a partnership."
2,3. The problem with this argument of the corporation is that the ability of a shareholder to represent a Subchapter S corporation is limited to cases involving taxation of income attributable to the corporation. In the case of other taxes, a corporation must appear through counsel in the Regular Division.See ORS 305.230(l)(e) and TCR 1 F(3).
Returning then to the first two alternatives, the county argues that federal cases applying similar rules have treated complaints signed by nonlawyers as a nullity subject to dismissal. The county cites Gonzales v. Wyatt,157 F3d 1016 (5th Cir 1998). In Gonzales, a prisoner and nonlawyer, Willie Milton, prepared a complaint for prisoner Raul Gonzales, who was located in another prison in the Texas prison system. Id. at 1018. Milton then tendered an unsigned copy of the complaint to the federal court. Id.
Prisoner Gonzales did not review the complaint or have it read to him before it was tendered to the court by Milton.Id. Thereafter, but after the statute of limitations had expired, prisoner Gonzales signed a copy of the complaint and tendered it to the court. Id. The court noted that between the time of the tender of the unsigned complaint to the court and the date on which the statute of limitations ran, Gonzales did nothing to ratify or adopt the tender of the complaint. Id. at 1019.
The court in Gonzales upheld the dismissal of the complaint. 157 F3d at 1022. The court in Gonzales noted that the outcome might well have been different if Gonzales himself had tendered the unsigned complaint to the trial court. *Page 575 157 F3d at 1021. The result in Gonzales has been criticized by the Washington courts, applying language on execution of pleadings similar to that found in TCR 17. SeeBiomed Coram, Inc. v. State Dept. of Health Bd. ofPharmacy, 146 Wash App 929, 193 P3d 1093, 1097-98 (2008). In Biomed, the court held that a pleading signed by a nonlawyer corporate officer should not be stricken. Id.
at 1098. Instead, the court held that the pleading should be treated as unsigned and subject to cure under a provision substantially similar to that found in TCR 17 B. Id.
at 1098-99.
The court is of the opinion that the Biomed approach, and not the Gonzales approach, should be followed in this case. The pleading in question here should be treated as unsigned and subject to the process for prompt correction under TCR 17 B.
4-6. As to this conclusion, it is important to note that no statute applicable to this court requires that the Complaint be stricken. There are, and the county has cited, statutes that prohibit the unauthorized practice of law and require representation of corporations by appropriately qualified attorneys. See ORS 9.320; ORS 9.990. Those statutes do not, however, dictate, or even contemplate, that a document signed by a nonlawyer is considered a nullity or should not simply be treated as unsigned. Nor is there Oregon authority holding that defects in the signature of a complaint are necessarily jurisdictional. Thus the matter is different from that presented in Oregon Peaceworks Green, PAC v. Sec. ofState, 311 Or 267, 810 P2d 836 (1991).
7, 8. The legislature has created a Tax Court with two divisions. It has further required that most cases be initiated in the Magistrate Division of the court and has allowed very broad rules for representation of corporations and other entities in the Magistrate Division. The court is cognizant of the fact that citizens and taxpayers who are not represented may well, and probably do, have some difficulty navigating in the court system generally as well as in this court with its two divisions and substantially different rules on permitted representatives. To read the statutes and rules of this court in the draconian manner suggested by the county would be at *Page 576 
odds with the legislatively created system of tax dispute resolution.[2]
9,10. Finally, the legislature has authorized the Tax Court to promulgate its own rules of procedure. ORS 305.425(3). TCR 17 is materially similar to the comparable rule under the Oregon Rules of Civil Procedure (ORCP). See ORCP 17. As with the ORCP, TCR 17 does contemplate that a pleading that is not properly signed may be stricken, but only when the person filing the pleading has had the signature defect called out and has failed to correct the deficiency. Here, when the deficiency was called out, the corporation promptly corrected the deficiency. Nothing more is required.
11. This result is consistent with TCR 12, a rule modeled upon ORCP 12, and requiring that errors in pleadings be disregarded where the rights of the adverse party are not affected. The court does not see how the rights of the county are adversely affected by the prompt correction of signature and representation of the corporation thereafter by a qualified representative. Of course, nothing in this decision affects the potential liability of a person violating ORS 9.990. However, enforcement of that societal concern is for others and not for this court.
 V. CONCLUSION
After reviewing the motion and responses and being fully advised of the premises, the court finds that the motion of the county to dismiss the complaint as to the corporation is denied.
Now, therefore,
IT IS ORDERED that Intervener's Motion to Dismiss is denied. Costs to neither party.
[1] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to the 2007 edition.
[2] The court notes in this regard that the department did not seek to have the pleading of the corporation stricken or dismissed. Rather, it sought to have Hartman disqualified as a representative of the corporation.

 *Page 1