

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| MULTI-DENOMINATIONAL MINISTRY OF CANNABIS AND RASTAFARI, INC.; et al., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> ERIC H. HOLDER Jr., et al., <br><br> Defendants - Appellees. | No. 08-16083 <br><br> D.C. No. 3:06-CV-04264-VRW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Vaughn R. Walker, Chief District Judge, Presiding

Submitted November 19, 2009[**]

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

Members of the Multi-Denominational Ministry of Cannabis and Rastafari,

Inc. (MDMCR) appeal pro se the dismissal of their action seeking declaratory and

injunctive relief to prevent further seizures of their marijuana. The action was filed

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

after local, state and federal law enforcement officials confiscated over 40,000 marijuana plants from property owned by MDMCR members. The district court rejected the members' contentions that such seizures violate any constitutional or statutory rights. We review de novo, *see Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1120-21 (9th Cir. 2007), and we affirm.

**DISCUSSION**

1. Dismissal of MDMCR

The district court dismissed MDMCR as a plaintiff because it was not represented by counsel. We also dismissed MDMCR as a party to this appeal because it was unrepresented by counsel. The law is clear that incorporated entities must be represented by counsel in court. *See Licht v. American West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations . . . must appear in court through an attorney."); *see also Church of the New Testament v. United States*, 783 F.2d 771, 773 (9th Cir. 1986) (noting church must appear in court through an attorney).

2. First Amendment

The district court properly dismissed the members' First Amendment claims against federal and state defendants because they were sued only in their official capacities. *See Ibrahim v. Department of Homeland Sec.*, 538 F.3d 1250, 1257

(9th Cir. 2008) (noting "no *Bivens*-like cause of action is available against . . .

federal agents sued in their official capacities"); *Flint v. Dennison*, 488 F.3d 816,

825 (9th Cir. 2007) (noting "state officials sued in their official capacities . . . are

not 'persons' within the meaning of § 1983 and are therefore generally entitled to

Eleventh Amendment immunity").  Although the members sought to cure the

deficiency by amending their complaint to name those defendants in their personal

capacities, such an amendment would have been futile because the First

Amendment does not prohibit the government from burdening religious practices

through generally applicable laws.  *See Employment Division v. Smith*, 494 U.S.

872, 878-79 (1990)).

For that same reason, the district court did not err by dismissing the First

Amendment claims against the local defendants.  We recently reaffirmed that

"[t]he right to freely exercise one's religion . . . does not relieve an individual of

the obligation to comply with a valid and neutral law of general applicability on the

ground that the law proscribes conduct that his religion prescribes."  *Stormans, Inc.

v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (internal quotation marks and

parentheticals omitted).  Because drug laws are both neutral and generally

applicable, they may be enforced "even if doing so substantially burdens [one's]

religion."  *Guam v. Guerrero*, 290 F.3d 1210, 1215-16 (9th Cir. 2002).

3.  RLUIPA

The Religious Land Use and Institutionalized Person Act (RLUIPA), 42 U.S.C. §§ 2000cc - 2000cc-5, does not apply to actions taken by the federal defendants. *Navajo Nation v. United States Forest Serv.*, 535 F.3d 1058, 1077 (9th Cir. 2008) (en banc), *cert. denied*, 129 S. Ct. 2763 (2009). Although the statute does apply to local and state officials, its application is limited "to government land-use regulations . . . such as zoning laws." *Id.* Here, members sought exemption from drug laws that do not purport to regulate the use of private property and thus RLUIPA is not implicated.

4.  RFRA

The Religious Freedom Restoration Act (RFRA), 42 U.S.C. §§ 2000bb - 2000bb-4, "prohibits the Federal Government from substantially burdening a person's exercise of religion, unless the Government demonstrates that application of the burden to the person represents the least restrictive means of advancing a compelling interest." *See Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 423 (2006). Even assuming the members established a prima facie violation of RFRA by demonstrating their use and distribution of marijuana is an "exercise of religion" that is "substantially burdened" by the enforcement of drug laws, we agree with the district court that the Government met

-4-

its burden of demonstrating a compelling interest in preventing the diversion of thousands of marijuana plants to non-members. We have clearly indicated that RFRA does not permit the unlimited production or distribution of marijuana. *Guerrero*, 290 F.3d at 1222-23; *United States v. Bauer*, 84 F.3d 1549, 1559 (9th Cir. 1996).

5.    Evidentiary Hearing

Finally, the district court was not required to conduct an evidentiary hearing before dismissing the action. *See Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 n.1 (9th Cir. 2004) (noting review for failure to state a claim is generally limited to the contents of the complaint); *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (noting limitations on district court's examination of materials outside the complaint).

**AFFIRMED**.