IN THE OREGON TAX COURT
REGULAR DIVISION
TriMet and Lane Transit District
Payroll Taxes

SINGLE MIND CONSULTING, INC.,   )
                                     )
          Plaintiff,         )   **TC 5484**
     v.                        )
                                       )
DEPARTMENT OF REVENUE,     )
State of Oregon,               )
                                     )  **ORDER ON DEFENDANT'S MOTION**
          Defendant.    )  **TO DISMISS**

This matter is before the court on Defendant's Motion to Dismiss, filed on August 14, 2025. Plaintiff has not filed a response.

Defendant's first argument is that Plaintiff's complaint is defective under Tax Court Rule (TCR) 1 F(1) and ORS 9.320 because Plaintiff is a legal entity that is not represented by an Oregon-licensed attorney.[1] The legal premise of Defendant's argument is correct: in contrast to the Magistrate Division, in the Regular Division of this court any person other than "a natural person" must appear through an attorney unless a statutory exception applies.[2] The court is not aware of any statutory exception that could apply in this case.[3] Likewise, the facts supporting

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to the 2023 edition.

[2] ORS 9.320 provides, in relevant part: "Any action, suit, or proceeding may be prosecuted or defended by a party in person, or by attorney, except that the state or a party that is not a natural person appears by attorney in all cases, unless otherwise specifically provided by law." *Cf.* ORS 305.293 (providing for representation in Magistrate Division "[n]otwithstanding ORS 9.320").

[3] As Defendant points out, ORS 305.494 establishes a special rule for S corporation shareholders, but that statute, like the statute governing partnership representation, applies only in a matter involving a tax on or measured by net income. *See* ORS 305.242(1)(b). Plaintiff's complaint seeks relief from penalties and interest with respect to "TriMet and Lane Transit District payroll taxes." (Complaint at 1.) The court takes judicial notice that each district's "payroll" tax is measured by "wages," a component of *gross* income, rather than by net income. *See* TriMet Code § 13.09 A (tax is product of "Payroll Tax Rate" and "wages"); *Id.* § 13.05 F (wages defined by reference to Internal Revenue Code (IRC)); IRC § 3121(a) (defining "wages" as "all remuneration from

Defendant's argument are clear. Plaintiff's status as a corporation is evident from its name. *See* ORS 60.094(1) ("A corporate name shall contain one or more of the words 'corporation,' 'incorporated,' 'company' or 'limited' or an abbreviation of one or more of those words."). As to the status of the person who signed the complaint, Cort Buchholz, the court takes judicial notice that the online membership directory of the Oregon State Bar does not include a person by that name as of the date of this order.

As to this argument, Defendant asks the court to apply the court's reasoning in *Hartman v. Dept. of Rev.*, 19 OTR 571 (2009). In that case, a complaint was filed in the name of two plaintiffs: an individual (a "natural person") and a corporation. The corporation's president, who was not an attorney, signed on the corporation's behalf. In Defendant's answer, Defendant sought to disqualify the corporation's president as a representative. Within two weeks after that answer was filed, an Oregon attorney signed and filed a new signature page of the complaint on behalf of both plaintiffs. *See id.* at 573. Rather than dismiss the complaint, as urged by the defendant-intervenor county assessor, the court treated the complaint as initially "not signed" by the corporation, but the court viewed that defect as having been cured by the attorney's prompt signature, pursuant to TCR 17 B, which provides: "If a pleading, motion, or other paper is not signed, it will be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant." *Hartman*, 19 OTR at 576 (pleading not properly signed "may be stricken, but only when the person filing the pleading has had the signature defect called out and has failed to correct the deficiency.").

The court agrees that Defendant's requested course of action is correct in this case. The court will allow Plaintiff to cure the defective signature by promptly filing a complaint signed by

---

employment"; no provision for deductions); Lane Transit District Ordinance No. 50, §§ 1.03, 1.01(6) (Sept 15, 2015).

an Oregon-licensed attorney. Given that Defendant's motion already has "called out" the signature defect in this case, without any response by Plaintiff, the court will set the deadline for Plaintiff to make any such filing as on or before September 15, 2025. The court will stay Defendant's motion pending the earlier of any such filing by Plaintiff or the September 15 deadline. If Plaintiff fails to file a complaint signed by an Oregon-licensed attorney within the time allowed, the court will strike the as-filed complaint and consider Defendant's arguments for dismissal.[4] Now, therefore,

IT IS SO ORDERED.

Dated this 3rd day of September, 2025.

9/3/2025 1:27:43 PM

Judge Robert T. Manicke

---

[4] In addition to arguing that the complaint should be dismissed as untimely if Plaintiff fails to promptly cure the signature defect, Defendant argues that the complaint fails because dismissal was proper in the Magistrate Division, and because the court lacks jurisdiction to review Defendant's refusal to waive the penalties that Plaintiff contests. This order reaches none of these issues.